John Henry COLLIER, Appellant,

v.

The STATE of Texas.

No. 1081–98.

Court of Criminal Appeals of Texas,
En Banc.

June 16, 1999.

Opinion of Johnson, J., concurring
in denial of rehearing Sept. 29, 1999.

Opinion of McCormick, P.J., dissenting
from denial of rehearing Sept. 29, 1999.

Theodore A. Hargrove, III, San Angelo,
for appellant.

Jeffery L. Van Horn, First Asst. State's
Atty., Austin, Matthew Paul, State's Atty.,
Austin, for the State.

## OPINION

MANSFIELD, J., delivered an opinion,
in which MEYERS, PRICE, and
JOHNSON, JJ., joined, announcing the
judgment of the Court.

This case presents the following question: If, on appeal by a convicted defendant, a court of appeals finds that the evidence is insufficient to support the conviction but sufficient to support conviction of a lesser included offense on which the jury was not instructed and on which the State did not seek to have the jury instructed, may the court of appeals nevertheless reform the judgment of conviction

to reflect conviction of the lesser included offense?

### The Relevant Facts

A grand jury in Tom Green County indicted appellant, John Henry Collier, for the felony offense of serious bodily injury to a child. See Tex. Penal Code § 22.04(a)(1). The case went to trial before a petit jury in the 51 st District Court of Tom Green County. At the close of the evidence, the district court instructed the jury only on the offense charged in the indictment. Neither appellant nor the State requested an instruction on any lesser included offense. The jury found appellant guilty and assessed his punishment, enhanced by a prior felony conviction, at imprisonment for 35 years and a $10,000 fine.

On direct appeal, appellant argued that he had been denied his liberty without due process of law because the evidence presented at his trial had been insufficient to prove his guilt beyond a reasonable doubt. See *Griffin v. State*, 614 S.W.2d 155, 158–159 (Tex.Crim.App.1981). The Third Court of Appeals agreed with appellant's argument, reversed the district court's judgment of conviction, and rendered a judgment of acquittal. *Collier v. State*, No. 03–97–00033–CR, 1998 WL 238523 (Tex.App.—Austin, delivered May 14, 1998) (not designated for publication). Although the court of appeals concluded that the evidence presented at appellant's trial had been sufficient to prove his guilt of the lesser included offense of bodily injury to a child,[1] the court held that it lacked authority to reform the district court's judgment to reflect conviction of that lesser included offense because the district court had not instructed the jury on that offense. In support of its holding, the court cited its previous decision in *Thorpe v. State*, 831 S.W.2d 548 (Tex.App.—Austin 1992, no pet.).[2]

We granted the State Prosecuting Attorney's petition for discretionary review to determine whether the court of appeals had erred in holding that it lacked authority to reform the district court's judgment. See Tex.R.App. Proc. 66.3(b). In his brief to this Court, the State Prosecuting Attorney argues that the absence of a jury instruction on the lesser included offense was irrelevant to the court of appeals' authority to reform the judgment to reflect conviction of that lesser included offense, because when the jury found appellant guilty of the greater offense, it necessarily found him guilty of the lesser included offense as well. Appellant argues in response that the State Prosecuting Attorney is really asking this Court to give the State the benefit of a jury instruction it failed to request at trial.

### Analysis

■ The question before us today is one of first impression in this Court, but we faced a similar question in *Bigley v. State*, 865 S.W.2d 26 (Tex.Crim.App.1993). In that case, a jury convicted Ervin Bigley of possession of 400 grams or more of methamphetamine after being instructed on that offense as well as the lesser included offense of possession of 28 grams or more

---

1. See Tex. Penal Code § 22.04(a)(3).

2. In *Thorpe v. State*, a cocaine possession case, the court of appeals held that the evidence was insufficient to support conviction for the charged offense but sufficient to support conviction of a lesser included offense. The court declined, however, to reform the judgment of conviction to reflect conviction of the lesser included offense, because the jury had not been instructed on the lesser included offense. The court explained: "Having concluded that the evidence is insufficient to support a conviction for [the charged offense], we must enter the only other judgment authorized by the trial court's charge: acquittal. See *Boozer v. State*, 717 S.W.2d 608 (Tex. Crim.App.1984), and its progeny." *Thorpe v. State*, 831 S.W.2d 548, 552 n. 1 (Tex.App.—Austin 1992, no pet.). We are uncertain what the court of appeals meant by its cite to *Boozer v. State* "and its progeny," but the central rationale of *Boozer v. State* was expressly overruled in *Malik v. State*, 953 S.W.2d 234, 239 (Tex.Crim.App.1997).

but less than 400 grams of methamphetamine. On appeal, the court of appeals held that the evidence was insufficient to support the conviction but sufficient to support conviction of the lesser included offense. The court of appeals then reformed the judgment of conviction to reflect conviction of the lesser included offense, on the ground that, "[b]y finding that Bigley [had] possessed 400 grams or more of methamphetamine, the jury necessarily found that he [had] possessed the lesser amounts." *Bigley v. State,* 831 S.W.2d 409, 415 (Tex.App.—Austin 1992). On petition for discretionary review, Bigley argued that the court of appeals had lacked authority to reform the judgment of conviction as it had. We held, though, that the court of appeals had not erred, because we believed its reasoning was sound. *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex. Crim.App.1993).[3] In that case, however, we were not faced with a situation like the one at bar, in which the jury was not instructed on the lesser included offense.

In *State v. Myers,* 158 Wis.2d 356, 461 N.W.2d 777 (1990), the Supreme Court of Wisconsin addressed directly the question we face today. In that case, Wisconsin defendant Eugene Myers was charged with aggravated battery, *i.e.,* battery causing great bodily harm. At trial, Myers moved to dismiss at the close of the state's case, arguing insufficient evidence of great bodily harm. The trial court denied the motion, and the case went to the jury. The jury was instructed on the crime of aggravated battery only. Neither the state nor Myers requested a jury instruction on any lesser included offenses. The jury convicted Myers of aggravated battery.

Myers appealed, and the court of appeals reversed his conviction because of insufficient evidence on the issue of great bodily harm. The court of appeals also refused the state's request to direct the trial court to enter a judgment of conviction of attempted aggravated battery, a lesser included offense. The court of appeals viewed the state's request as the state's attempt to remedy its failure at trial to request an instruction on the lesser included offense.

The Supreme Court of Wisconsin agreed with the reasoning of the court of appeals and affirmed its judgment. The supreme court explained:

> In Wisconsin the decision to request jury instructions on lesser included offenses is left largely to the parties, because the decision involves trial strategy, including the presentation and evaluation of evidence. The parties are therefore best equipped to decide when a request for lesser included offense instructions is appropriate. The state and the accused must assess at trial the risks and benefits of requesting jury instructions on lesser included offenses.

> A circuit court [*i.e.,* trial court] need not instruct on a lesser included offense unless one of the parties requests the instruction and the evidence under a reasonable view ... is sufficient to establish guilt of the lower degree and also leave a reasonable doubt as to some particular element included in the higher degree but not the lower....

> \* \* \*

> ... [W]e conclude that although the state's argument [in this case] is made in terms of seeking a modification of the judgment, the state is in effect asking the appellate court to give it the benefit of jury instructions it failed to request at

---

**3.** State and federal courts have long exercised the power to reverse a conviction for evidentiary insufficiency while at the same time rendering judgment on a lesser included offense. See *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 1250, 134 L.Ed.2d 419 (1996); W. LaFave & J. Israel, *Criminal Procedure* § 25.4(b) at 1079 (2nd ed.1992); J. Shellenberger & J. Strazzella, *The Lesser Included Offense Doctrine: The Development of Due Process and Double Jeopardy Remedies,* 79 Marq. L.Rev. 1, 183–189 (1995).

trial. The state is asking us to rescue it from a trial strategy that went awry.

By not requesting instructions on lesser included offenses, the state's strategy is that the jury will convict an accused of the greater offense rather than let the accused (who the jurors will believe is apparently guilty of some offense) go scot-free, even when the jury may have some doubt about the evidence. According to this strategy, the jury's inclination to punish a "bad" person may overpower any jury's misgivings about whether the evidence proves guilt of the greater offense beyond a reasonable doubt.

The defendant also had a trial strategy in not requesting lesser included offense instructions. Both the state and the defendant opted for an all (conviction of the greater) or nothing (acquittal) verdict. In oft used terminology, both parties "went for broke."

By not requesting instructions on lesser included offenses, the accused hopes that the jury will acquit of the greater offense rather than convict on what the accused views as arguably insufficient evidence. The accused is counting on the jury to comply with the instructions that the state's burden is to prove guilt beyond a reasonable doubt.

The state would have us direct the court of appeals to direct the circuit court to enter a conviction of the lesser included offense when neither of the parties requested instructions on the lesser included offense. In that way, the state would have all the benefits and none of the risks of its trial strategy, while the accused would have all the risks and none of the protections. . . .

Were we to adopt the state's position, we would be encouraging the state, even when its evidence was weak, to avoid requesting jury instructions on the lesser included offense and to seek instead a guilty verdict of the greatest possible offense. If the state was successful at trial but the guilty verdict was reversed on grounds of insufficient evidence, the state could then, should it prevail in this appeal, seek a conviction of the lesser included offense in the appellate court.

*State v. Myers,* 461 N.W.2d at 780–783 (citations, footnotes, and some internal quotation marks omitted).

■ We agree with the reasoning of the Supreme Court of Wisconsin in *State v. Myers,* and we hold that a court of appeals may reform a judgment of conviction to reflect conviction of a lesser included offense only if (1) the court finds that the evidence is insufficient to support conviction of the charged offense but sufficient to support conviction of the lesser included offense and (2) either the jury was instructed on the lesser included offense (at the request of a party or by the trial court *sua sponte* ) or one of the parties asked for but was denied such an instruction. See *United States v. Vasquez–Chan,* 978 F.2d 546, 552 (9 th Cir.1992); *State v. Holley,* 604 A.2d 772, 776 (R.I.1992); *Ex parte Roberts,* 662 So.2d 229, 232 (Ala.1995); but see also *Shields v. State,* 722 So.2d 584, 587 (Miss.1998).

Our holding today places no onerous burden on the State. It means only that, at the close of the evidence at trial, the State, no less than the accused, must take care to evaluate the sufficiency of the evidence to support the charge. If the evidence will support a lesser included offense instruction, then either the State or the accused may, and probably should, request one. See *Arevalo v. State,* 943 S.W.2d 887 (Tex.Crim.App.1997). If the trial court does not instruct the jury on the lesser included offense and neither party seeks such an instruction, then the court of appeals will not be authorized to reform the judgment and thereby give the State the benefit of jury instructions no one at trial requested.

In the case at bar, the district court did not instruct the jury on the lesser included offense of bodily injury to a child, and neither party sought to have the jury instructed on that lesser included offense.

Therefore, the court of appeals lacked authority to reform the judgment of conviction to reflect conviction of the lesser included offense.

We affirm the judgment of the court of appeals.

KEASLER, J., delivered an opinion concurring in the judgment of the Court.

KELLER, J., delivered a dissenting opinion, in which McCORMICK, P.J., and HOLLAND and WOMACK, JJ., joined.

KEASLER, J., delivered this concurring opinion.

I concur only in the judgment of the Court because I think we have ample reasons in our own jurisprudence for reaching the same conclusion.

The Rules of Appellate Procedure govern the actions of a court of appeals. In particular, Rule 43.2 provides as follows:

The court of appeals may:

(a) affirm the trial court's judgment in whole or in part;

(b) modify the trial court's judgment and affirm it as modified;

(c) reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered;

(d) reverse the trial court's judgment and remand the case for further proceedings;

(e) vacate the trial court's judgment and dismiss the case; or

(f) dismiss the appeal.

In this case, the Court of Appeals acted under subsection (c) of Rule 43.2: it reversed the trial court's judgment in whole and "render[ed] the judgment that the trial court should have rendered," *i.e.*, an acquittal. The same phrase is in Rule 43.3:

When reversing a trial court's judgment, the court must *render the judgment that the trial court should have rendered,* except when:

(a) a remand is necessary for further proceedings; or

(b) the interests of justice require a remand for another trial.

Rules 43.2 and 43.3 only became effective September 1, 1997. But similar language existed in former Rules 80(b) and 81(c) ("... render the judgment or decree that the court below should have rendered ..."). Before the Rules of Appellate Procedure were enacted in 1986, the language appeared, for criminal cases, in former Article 44.24(b) of the Code of Criminal Procedure ("reform and correct the judgment"); and, for civil cases, in former Rule of Civil Procedure 434 ("render such judgment or decree as the court below should have rendered").

We have not previously considered this language as it exists in Rule 43.2, but we have considered former Art. 44.24(b). In *Milczanowski v. State,* we held that "reformation of judgment and sentence [under Art. 44.24(b) ] may be done only to cause those instruments to reflect the *true finding of the fact finder* when such a finding is reflected in the verdict or, in a bench trial, the pronouncement of the court's finding." [1]

We examined this language in *Bogany v. State* [2] that same year. In that case, the court of appeals reformed a judgment pursuant to Art. 44.24(b) when the punishment assessed had been unauthorized by law. We noted that, under *Milczanowski,* a court of appeals may reform a judgment only to cause it to "reflect the true finding of the fact finder." [3] We concluded that an unauthorized sentence does not fall within that category, apparently because, although the sentence was illegal, it still reflected what the jury had imposed.

**1.** 645 S.W.2d 445, 447 (Tex.Crim.App.1983) (emphasis added).

**2.** 661 S.W.2d at 957 (Tex.Crim.App.1983).

**3.** *Id.* at 958.

Based on *Milczanowski* and *Bogany*, Art. 44.24(b) gave the courts of appeals authority to reform a judgment only on clerical grounds, to "reflect the true finding of the fact finder."

In *Bigley v. State*,[4] we addressed Rule 80. The court of appeals reformed a judgment to reflect a conviction for a lesser-included offense. The reformation was not on clerical grounds but was based on judicial reasoning. The defendant argued that Rule 80 only permitted reformations involving clerical errors, not judicial reasoning. We specifically rejected this argument, noting that nothing in the language of Rule 80 limited reformations to clerical errors.[5]

Finally, the Supreme Court considered former Rules 80(b) and 81(c) in *Horrocks v. Texas Dept. of Transportation.*[6] There, a jury found in favor of the plaintiffs in a personal injury case, and the trial court rendered judgment on the verdict. The State, as the defendant, had not challenged the sufficiency of the evidence as to its actual knowledge of the defect by objecting to jury submissions or moving for a directed verdict. But the State did raise that claim in a motion for new trial. The court of appeals reversed the judgment of the trial court and rendered judgment for the State.

The Supreme Court held that the court of appeals erred in rendering judgment for the State because all that the State had requested in its motion was a "new trial."[7] The Supreme Court recognized the language of Rule 81(c), requiring that the appellate court "render such judgment or decree as the court below *should have rendered.*"[8] Since the State had only requested a new trial, that was the only relief to which it was entitled.

Based on the language of Rule 43.2 and the above-mentioned cases, I think the "judgment that the trial court should have rendered" can only be a judgment that the trial court was capable of rendering, given the instructions to the jury. If a jury is only instructed on one offense, then the trial court can only render judgment on that offense or a judgment of acquittal. Conversely, if a jury is not instructed on a lesser-included offense, a trial court is not able to render judgment on that lesser-included offense. A court of appeals cannot reform a judgment to reflect a conviction for a lesser-included offense unless that lesser-included offense was submitted in the jury charge.

This limitation, of course, should apply only when the case is tried before a jury, since there are no jury instructions in a bench trial. In a bench trial, the "judgment that the trial court should have rendered" can always be a conviction for a lesser-included offense because the trial court is authorized to find the defendant guilty of any lesser offense for which the State provides the required proof.[9]

The State argues that Rule 80 expanded the reformation authority of the courts of appeals. It does appear that, under former Art. 44.24(b), the courts of appeals had authority to reform judgments only for clerical errors, but under Rule 80, the courts of appeals had authority to reform on judicial grounds as well. Nevertheless, the State's implication that the expansion was so great as to permit a court of appeals to render a judgment that was completely unavailable at the time of trial is simply not supported by caselaw or the language of Rules 80 and 43.2.

It could be argued that the court of appeals could simply act pursuant to subsection (b) of Rule 43.2; that is, it could

**4.** 865 S.W.2d 26 (Tex.Crim.App.1993).

**5.** *Id.* at 27.

**6.** 852 S.W.2d 498 (Tex.1993).

**7.** *Id.* at 499.

**8.** *Ibid.* (emphasis in original).

**9.** *See Shute v. State,* 877 S.W.2d 314, 315 (Tex.Crim.App.1994).

"modify the trial court's judgment and affirm it as modified." Under this option, the argument goes, the court of appeals could modify a trial court's judgment of a greater offense to reflect a conviction instead for the lesser-included offense, and then affirm that judgment as modified. There would be no need under this option for the jury to have been instructed on the lesser-included offense because there is no requirement under Rule 43.2(b) that the court of appeals render the judgment "that the trial court should have rendered."

But this contention misses the important distinction between subsections (b) and (c) of Rule 43.2. Each subsection of Rule 43.2 is intended to apply to different types of situations. Under the above construction, subsections (b) and (c) overlap in full. This cannot be right. Subsection (b) of Rule 43.2 formerly existed as Rule 80(b)(2): "modify the judgment of the court below by correcting or reforming it." This language indicates a minor change to the judgment below. Indeed, this appellate option has been used by courts of appeals to make minor revisions in the judgment, such as reforming probation requirements or deadly weapon findings.[10]

In the instant case, the court of appeals did more than simply modify the judgment below. It completely reversed Collier's conviction for causing serious bodily injury to a child. Having found the evidence insufficient to support a conviction for that offense, the court of appeals had no choice but to reverse that conviction. The issue remains whether the court of appeals could render another judgment, such as one for the lesser-included offense, and ~~we~~ I have concluded that the court of appeals could not do so in the absence of a jury instruction on that offense. But rendering a judgment on a lesser-included offense

when the evidence is insufficient to support a conviction for a greater offense is not simply "modifying" the judgment below. It is a reversal of the conviction below and entry of another judgment entirely. As a result, I do not believe subsection (b) of Rule 43.2 comes into play in this case.

I would affirm the judgment of the court of appeals for these reasons.

KELLER, J., filed a dissenting opinion, in which McCORMICK, P.J., and HOLLAND and WOMACK, JJ., joined.

Because the plurality's holding misconstrues the nature of the remedy for legally insufficient evidence, imposes procedural default requirements that are not supported by the caselaw, and creates a potential dilemma for the State, I must dissent.

A claim of legally insufficient evidence is a claim that the Due Process Clause of the Fourteenth Amendment to the United States Constitution has been violated by a conviction that is without sufficient evidentiary support to be considered a rational decision. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "[R]emedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *United States v. Morrison*, 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). With regard to Due Process rights we have recognized that the remedy should be tailored "to neutralize the taint" of the constitutional violation. *Cook v. State*, 940 S.W.2d 623, 628 n. 7 (Tex.Crim.App.1996), *cert. denied*, —— U.S. ——, 118 S.Ct. 75, 139 L.Ed.2d 35 (1997)(finding that a reversal, new trial, and exclusion of certain evi-

---

10. *Lemon v. State*, 861 S.W.2d 249, 250 (Tex. Crim.App.1993) (court of appeals deleted community service requirement and affirmed as modified); *Rachuig v. State*, 972 S.W.2d 170, 179–80 (Tex.App.—Waco 1998, pet. ref'd) (modifying deadly weapon finding and affirming as modified); *Howard v. State*, 966 S.W.2d 821, 829 (Tex.App.—Austin 1998, pet. ref'd) (modifying to delete deadly weapon finding and affirming as modified); *Allen v. State*, 951 S.W.2d 925, 928 (Tex.App.—San Antonio 1997, pet. ref'd) (modifying to delete cumulation order and affirming as modified).

dence, rather than dismissal, was sufficient to neutralize the taint of prosecutorial misconduct that resulted in a due process violation).

In the area of legal sufficiency, the Supreme Court has recognized the need for narrow tailoring. The standard for legal sufficiency is one that is highly deferential to the verdict of the factfinder. The factfinder's determination is upheld if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319, 99 S.Ct. 2781. The Supreme Court explained that the standard was narrowly drawn to protect a defendant's Due Process rights while impinging as little as possible upon the factfinder's discretion:

> This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon "jury" discretion *only to the extent necessary to guarantee the fundamental protection of due process of law.*

*Id.* (emphasis added). That the Supreme Court has narrowly drawn the legal sufficiency standard to effectuate due process protections suggests that the *remedy* for a finding of legally insufficient evidence should likewise be drawn narrowly.

A narrowly drawn remedy for legally insufficient evidence would disturb a factfinder's verdict only to the extent necessary to protect the defendant from an unjust conviction. If, in a given case, the evidence were legally insufficient to establish the defendant as the perpetrator, then an acquittal would be the only remedy that would adequately protect the defendant whose guilt the State has failed to prove. However, if the evidence were legally insufficient merely as to one element, and the defendant would still be guilty of a lesser-included offense without the element in question, then the narrowly tailored remedy would be a reformation to the lesser-included offense rather than an acquittal. That remedy would accord the greatest respect possible to the factfinder's determination while fully protecting the defendant's due process right not to be convicted of an offense that is insufficiently supported by the evidence.

In the present case, the jury convicted appellant of serious bodily injury to a child. The evidence was sufficient to support appellant's conviction in every respect except for the seriousness of the injury. Under the law, bodily injury to a child is a lesser-included offense to serious bodily injury to a child. The former contains all the elements of the latter except that bodily injury rather than serious bodily injury is required. *See* Texas Penal Code § 22.04(a)(1) & (3), (e), (f). In finding that appellant committed serious bodily injury, the jury necessarily found that appellant committed bodily injury. Hence, the remedy that would afford the greatest respect possible to the jury's verdict while protecting appellant's Due Process right would be reformation of the convicted offense of serious bodily injury to a child to the lesser-included offense of bodily injury to a child.

Because reformation is the narrowly tailored remedy in the present case, that remedy is required unless the Court of Appeals lacked authority to afford the remedy. As the plurality concedes, however, this Court has already recognized that the courts of appeals possess the authority to reform a convicted offense to a lesser-included offense in the face of a sufficiency challenge regarding an aggravating element in the convicted offense. *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex.Crim.App.1993)(evidence insufficient to show possession of 400 grams or more

of methamphetamine but sufficient to show possession of 28 grams or more; judgment reformed to reflect conviction of possession of 28 grams or more of methamphetamine). The plurality contends that the Court of Appeals' authority to reform the conviction may be invoked only if the State had, at trial, requested a jury instruction concerning the lesser-included offense. Such a contention, however, is really a claim that the State procedurally defaulted the remedy (i.e. failed to preserve error) rather than a claim that the Court of Appeals actually lacked the authority to reform the conviction.

But preservation of error concepts have no place in the present context. There is no error to be preserved—reformation is not the State's remedy; it is *appellant's* remedy. Appellant is the party complaining of the conviction and asking for a remedy. For the type of legal insufficiency claim advanced, reformation is *the* remedy available because it is the remedy that disturbs the jury's verdict the least while protecting appellant's interests. In the same way that a new punishment hearing is the remedy for reversible errors in the punishment phase of trial, *see* Texas Code of Criminal Procedure, Article 44.29(b), reformation to a lesser-included offense (and a new punishment hearing as a result) is the remedy for the type of error before us.

Moreover, procedural default concepts are generally absent from evidentiary sufficiency issues as they relate to elements of an offense. We do not require a defendant to request a directed verdict to preserve a sufficiency claim on appeal. And we do not require the State to object when the jury instructions impose more requirements for conviction than the law requires; appellate courts review evidence in accordance with the hypothetically correct charge rather than the charge actually given. *Malik v. State*, 953 S.W.2d 234, 236–240 (Tex.Crim.App.1997).

In fact, a straightforward application of *Malik* to the present case shows that the legal sufficiency of the evidence should be measured by the lesser-included offense instead of the charged offense. *Malik* held that "sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case":

> Such a charge would be one that accurately sets out the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.

*Id.* at 240. In a footnote, we stated that: "This list is not necessarily exhaustive." We have held that a trial court commits error if it submits in the jury charge a theory of liability that is not supported by sufficient evidence. *Montes v. State*, 724 S.W.2d 54, 56 (Tex.Crim.App.1987)(inclusion of the law of parties was error because there was no evidence of anyone other than the defendant participating in the offense). And, *Malik* recognized that an offense should never be submitted to the factfinder when there is legally insufficient evidence to support it. 953 S.W.2d at 237. From these observations it follows that the hypothetically correct jury charge would not include an element of an offense that is supported by legally insufficient evidence. If removing the element with insufficient evidentiary support results in downgrading the charged offense to a lesser-included offense, then the lesser-included offense is the greatest offense that may be included in the jury charge and for which the State may seek a conviction. That the jury charge may incorrectly reflect a greater offense is immaterial; the hypothetically correct jury charge would reflect the correct offense (i.e. the lesser-included offense).

The Rules of Appellate Procedure require courts of appeals to render judgment except when remand is necessary:

> When reversing a trial court's judgment, the court must render the judgment that

the trial court should have rendered, except when:

(a) a remand is necessary for further proceedings; or

(b) the interests of justice require a remand for another trial.

Texas Rule of Appellate Procedure 43.3. When, at trial, it appears that the evidence is insufficient to support the charged offense but sufficient to support a lesser-included offense, the trial judge should direct a verdict in favor of the defendant on the charged offense and submit the lesser-included offense to the jury. Because a request or objection is not required to preserve a legal insufficiency claim, the trial judge's obligation to direct a verdict of acquittal exists whether or not the defendant requests such action. In a situation where the evidence is legally insufficient to support the charged offense, but sufficient to support a lesser-included offense, and the trial judge fails to direct the jury to proceed only upon the lesser-included offense, and the jury convicts on the charged offense, the judgment the trial court "should have rendered" is a conviction upon the lesser-included offense. Because the punishment ranges for greater and lesser offenses ordinarily differ, after reforming the conviction to a lesser-included offense, a court of appeals must ordinarily remand the case to the trial court for a new punishment hearing, in accordance with Rule 43.3(a).

The plurality contends that permitting reformation would result in the State gaining all the benefits of a "go for broke" trial strategy with none of the risks while the defendant carries all of the risks with none of the benefits. The plurality's reasoning is flawed. First, legal sufficiency claims are not subject to gamesmanship. A legal sufficiency review is "a final, due process safeguard ensuring only the rationality of the factfinder." *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). Appellate requirements for legal sufficiency are independent of the parties' strategies in choosing jury instructions. *See Malik, generally.*

Second, permitting reformation absent a request would not result in a windfall benefit to the State. On the contrary, the State assumes a disproportionate share of the risks that attend the failure to request a lesser offense. If the evidence supporting the aggravating element of the charged offense is weak but legally sufficient, both sides carry equivalent risks. The State risks the possibility that the jury will acquit of the charged offense when the jury might have convicted of the lesser-included offense if it had been submitted. And if an acquittal is entered, the State has no further recourse. *See United States v. Jorn*, 400 U.S. 470, 484, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971)(defendant's option to go to the jury and "end the dispute then and there with an acquittal"). The defendant risks the possibility that the jury will convict on the charged offense rather than acquit when, again, the jury might have convicted on the lesser included offense if it had been submitted. Likewise, because, in this scenario, the evidence was legally sufficient (albeit weak), the defendant has no recourse because the conviction will be affirmed on appeal. On the other hand, if the evidence is legally insufficient to support the aggravating element of the charged offense, the State bears all the risks while the defendant bears none of the risks. If the jury decides that the evidence is indeed insufficient, then the defendant obtains an acquittal, from which the State has no recourse. But even if the jury convicts on the charged offense, the defendant is guaranteed a reformation to the lesser-included offense on appeal. Under the insufficient evidence scenario, the defendant is never in danger of being finally convicted of the charged offense. He can gamble that the jury will acquit, and even if he loses that gamble, he can settle for a lesser-included offense (via reformation on appeal).

Under the plurality's approach, however, the insufficient evidence scenario carries no gamble at all; the defendant automatically wins. The jury may acquit the defendant, but even if it does not, an appellate court will do so.

Perhaps one could espouse a combination approach: that is, perhaps the parties are uncertain whether or not the evidence is sufficient. Under that scenario, the State runs the risk that the evidence is legally insufficient while the defendant runs the risk that the evidence is legally sufficient. Under a reformation without request approach, the defendant still benefits because the risks are equivalent when the evidence is sufficient and the risks favor the defendant when the evidence is insufficient. But, a combination approach is incompatible with the plurality's reasoning. The plurality expects the state to "evaluate the sufficiency of the evidence to support the [lesser-included offense] charge." Plurality op. at 782. Moreover, even if the plurality had not explicitly stated its expectation, its holding would have the same effect as will be discussed below.

This discussion brings up an important question: why must the State shoulder the consequences for failing to request a lesser-included offense? When neither party requests a lesser-included offense, both are responsible for the failure to submit one. A defendant who is convicted under those circumstances has *lost.* If the defendant is the losing party, then logically, he should bear the consequences of the failed gamble. Theoretically, one could argue that a defendant who fails to request a lesser-included offense and is convicted of the charged offense has forfeited his right to an acquittal of the charged offense, on the ground that the evidence shows only the lesser offense, because he could have, but chose not to, request an instruction on the lesser offense. That a defendant could procedurally default a legal sufficiency claim by failing to request relief at the trial level is not an unheard of concept. The federal courts have held with virtual

uniformity that review of a criminal defendant's claim of legally insufficient evidence is adversely affected by a defendant's failure to move for judgment of acquittal at the trial level. *United States v. Taylor,* 54 F.3d 967, 975 (1st Cir.1995); *United States v. Allen,* 127 F.3d 260, 264 (2nd Cir.1997); *United States v. Powell,* 113 F.3d 464, 466–467 (3rd Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 454, 139 L.Ed. 389 (1997); *United States v. Stevens,* 817 F.2d 254, 255 n. 1 (4th Cir.1987); *United States v. Parker,* 133 F.3d 322, 328 (5th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 1851, 140 L.Ed.2d 1100 (1998); *United States v. Charles,* 138 F.3d 257, 265 (6th Cir.1998); *United States v. Dillon,* 150 F.3d 754, 758 (7th Cir.1998); *United States v. Clark,* 646 F.2d 1259, 1267 (8th Cir.1981); *United States v. Garcia–Guizar,* 160 F.3d 511, 516–517 (9th Cir.1998); *United States v. Guerrero,* 517 F.2d 528, 530 (10th Cir. 1975); *United States v. Wright,* 63 F.3d 1067, 1072 (11th Cir.1995); *United States v. Jackson,* 824 F.2d 21, 26 (D.C.Cir.1987), *cert. denied,* 484 U.S. 1013, 108 S.Ct. 715, 98 L.Ed.2d 665 (1988). *But see United States v. Spinner,* 152 F.3d 950, 955–956 (D.C.Cir.1998)(expressing uncertainty concerning the difference between standard of review for a preserved claim versus an unpreserved claim). I point to these authorities not to show agreement with their holdings—the D.C. Circuit (*Spinner* ) has pointed out some legitimate conceptual difficulties with the federal approach—but to illustrate that the failure to request a lesser-included offense instruction could be viewed as the defendant's fault (or responsibility) rather than that of the State.

Finally, the plurality's holding places the State in a potential quandary. Under the plurality's approach, if the State fails to request a lesser included offense instruction and the defendant is acquitted of the greater offense, the defendant will be acquitted, and the State will be barred by Double Jeopardy principles from retrying the defendant upon the lesser-included offense. *See Stephens v. State,* 806 S.W.2d

812 (Tex.Crim.App.1990)(subsequent trial upon lesser-included offense found to be jeopardy barred). But, if the State requests the lesser-included offense, and appellant receives a conviction upon the lesser offense, an appellate court may find reversible error flowing from the submission of the lesser offense. *Arevalo v. State*, 943 S.W.2d 887 (Tex.Crim.App. 1997)(To submit a lesser included offense, State must satisfy the *Royster–Rousseau* test and show that some evidence in the record exists that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser offense). In some cases, when attempting to decide whether to request a lesser-included offense, a prosecutor may be in the position where either course (to request or not to request) may potentially result in reversible error.

The legal sufficiency review is a final, due process safeguard designed to prevent unjust convictions. The remedy for a finding of legal insufficiency should be tailored to protect a defendant's due process right not to be convicted upon insufficient evidence while at the same according as much respect as possible to the factfinder's verdict. This Court should not impose procedural default requirements that encourage gamesmanship and prevent effectuating the purposes for which the legal sufficiency review was designed. When an appellate court's finding of legal insufficiency vitiates only an aggravating element of an offense that distinguishes it from a lesser-included offense, the appropriate remedy is to reform the judgment to reflect the lesser-included offense, and—assuming the punishment range for the lesser-included offense differs from that of the charged offense—remand for a new punishment hearing. I would reverse the judgment of the Court of Appeals and remand with instructions to reform the verdict to reflect the lesser-included offense that is supported by the evidence.

I respectfully dissent.

JOHNSON, J., filed an opinion concurring in the denial of the state's motion for rehearing.

I join the denial of the state's motion for rehearing. I write separately to note the precedential value of the Court's opinion on original submission, as a guide to the bench and bar.

This case deals with the authority of a court of appeals, upon finding that the evidence is legally insufficient to sustain a defendant's conviction but sufficient to sustain a conviction for a lesser-included offense, to reform the judgment to reflect conviction of that lesser-included offense when the jury was not instructed on the lesser-included offense. While no opinion in this case has garnered the votes of a majority of this Court, there are clear, albeit shifting, majorities, depending on the circumstances.

Two situations are presented here: (1) one of the parties requested, but was denied, an instruction on the lesser-included offense; (2) neither party requested such an instruction. Under the plurality's approach, reformation is authorized in the first instance, but not in the second. *Ante*, at 782 (Mansfield, J., joined by Meyers, Price and Johnson, JJ.). Under Judge Keller's approach, reformation is authorized in either instance. *Ante*, at 786–87, 790 (Keller, J., dissenting, joined by McCormick, Holland and Womack, JJ.). Under Judge Keasler's approach, reformation is authorized in neither instance. *Ante*, at 784–85 (Keasler, J., concurring).

Therefore, in the situation in which one of the parties asked for, but was denied, an instruction on the lesser-included offense, eight members of the court (Judges McCormick, Meyers, Mansfield, Keller, Price, Holland, Womack, and Johnson) find that the court of appeals is authorized to reform the judgment to reflect conviction of the lesser-included offense. In the situation in which neither party asked for an instruction on the lesser-included offense,

five members of the court (Judges Meyers, Mansfield, Price, Johnson and Keasler) find that the court of appeals is not authorized to reform the judgment to reflect conviction of the lesser-included offense.

With these observations, I join the denial of the state's motion for rehearing.

McCORMICK, P.J., filed dissenting opinion to denial of State's motion for rehearing in which KELLER, J., joined.

I respectfully dissent to the Court's decision to deny rehearing. The Court should grant rehearing to reexamine its "holding" on original submission and to reexamine the lead plurality opinion's rationale which misapplies and cannot be reconciled with this Court's decision in *Arevalo v. State*, 943 S.W.2d 887 (Tex.Cr. App.1997).

A fragmented court decided this case with no single rationale explaining the result or supporting the judgment. A fair reading of the lead plurality opinion[1] and the concurring opinion[2] on original submission reveals two "majority holdings" on when an appellate court can reform a trial court's judgment to reflect conviction of a lesser offense[3] when the appellate court decides the evidence is insufficient to support conviction of the greater offense but sufficient to support conviction of the lesser offense. Cf. *Nichols v. United States*, 511 U.S. 738, 114 S.Ct. 1921, 1926–27, 128 L.Ed.2d 745 (1994) (when "a fragmented court decides a case and no single rationale explaining the result enjoys the assent" of at least five judges, "the holding of the Court may be viewed as that position taken by those members who concurred in the judgments on the narrowest grounds").

The appellate court can reform the trial court's judgment to reflect conviction of the lesser offense when the jury charge contains an instruction on the lesser offense. And, when, as in this case, the jury charge contains no lesser offense instruction and neither party has requested one, the appellate court cannot reform the judgment to reflect conviction of the lesser offense. See *King v. Palmer*, 950 F.2d 771, 779–85, 781 (D.C.Cir.1991), cert.denied, 505 U.S. 1229, 112 S.Ct. 3054, 120 L.Ed.2d 920 (1992) ("narrowest opinion must represent a common denominator of the Court's reasoning; it must embody a position implicitly approved by at least five Justices who support the judgment").

When the jury charge contains no lesser offense instruction but a party has requested one, there is no "majority holding" or controlling decision on original submission under the *Nichols* test so the Court's opinions supporting the judgment on original submission have no precedential value in these circumstances. See *King*, 950 F.2d at 779–85, 783–84 (in applying *Nichols* to determine court's "holding," appellate courts not "free to combine a dissent with a concurrence to form" a majority holding). However, the bench and bar should note that all the Court's opinions on original submission contain eight votes to support the result that the appellate court can reform the judgment to reflect conviction of the lesser offense in these circumstances.[4]

---

1. *Collier v. State*, 999 S.W.2d 779 (Tex.Cr. App.1999) (op. on orig. sub'm) (Mansfield, J., joined by Meyers, Price and Johnson, JJ.) (requiring a requested or actual jury instruction on lesser offense before appellate court can reform).

2. *Collier*, 999 S.W.2d at 783 (op. on orig. sub'm) (Keasler, J., concurring in the judgment) (requiring actual jury instruction on lesser offense before appellate court can reform).

3. For brevity's sake this opinion refers to a "lesser included offense" as a "lesser offense."

4. *Collier*, 999 S.W.2d at 779 (op. on orig. sub'm) (Mansfield, J., joined by Meyers, Price and Johnson, JJ.), and 999 S.W.2d at 785 (op on orig. sub'm) (Keller, J., dissenting, joined by McCormick, P.J., Holland and Womack, JJ.) (requiring neither a requested nor actual jury instruction on lesser offense before appellate court can reform).

The lead plurality opinion requiring a requested or actual jury instruction on a lesser offense before an appellate court can reform is contrary to the overwhelming weight of authority from other jurisdictions. See, e.g., *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 1250, 134 L.Ed.2d 419 (1996) (not making requested or actual jury instruction on lesser offense condition to appellate court's ability to reform); *United States v. Hunt,* 129 F.3d 739, 744–46 (5 th Cir.1997) (jury instruction on lesser offense "appears to be a separate requirement only in the Ninth Circuit") and authorities cited and discussed therein; *Shields v. State,* 722 So.2d 584, 585–87 (Miss.1998) and authorities cited and discussed therein. A requested or actual jury instruction on a lesser offense are red herrings and should have no bearing on or relevance to whether an appellate court can reform.

The holding and rationale of the lead plurality opinion on original submission purport to follow and to rely heavily on the minority position set out in the Wisconsin Supreme Court's decision in *State v. Myers,* 158 Wis.2d 356, 461 N.W.2d 777 (1990). However, the holding in the lead plurality opinion and the express holding in *Myers* conflict in that the former permits reformation when a party requests a lesser offense instruction while the express holding in *Myers,* consistent with Judge Keasler's concurring opinion on original submission, permits reformation *only*

when the jury is actually instructed on the lesser offense. See *Myers,* 461 N.W.2d at 778. If the lead plurality opinion intended to follow the express holding in *Myers,* then Judge Keasler's one-judge concurring opinion on original submission arguably should have contained the court's holding.[5]

*Myers* and the lead plurality opinion also fail to give sufficient, if any, consideration to the criminal justice system's basic purpose of convicting the guilty and freeing the innocent by treating a criminal trial as a sporting contest or a game and penalizing the prosecution for what they perceive to be prosecutorial "overreaching." However, a criminal trial is not a sporting contest or a game. See *Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 1618, 75 L.Ed.2d 610 (1983), quoting Roscoe Pound, *The Causes of Popular Dissatisfaction With The Administration Of Justice,* 29 ABA Ann. Rep. 395, 406 (1906), (condemning American courts for their tendency to ignore "substantive law and justice" by treating criminal trials as "sporting contests").

Under this "sporting contest" approach, innocent citizens are usually the losers. For example, under this Court's federal constitutional decision in *Stephens v. State,*[6] whose reasoning closely parallels the reasoning of the Court's decision in this case, one effect of the Court's decision is that a fairly-tried and guilty criminal defendant walks totally free. Neither the federal constitution nor anything in our state law require this.[7]

---

**5.** There is other language in *Myers* which would support a holding that reformation also is permitted when the prosecution requests an instruction on the lesser offense. See *Myers,* 461 N.W.2d at 780–83 (declining to give state benefit of instructions it failed to request at trial). So *Myers* is internally inconsistent. If *Myers* intended to permit reformation in both situations, then it should have expressly said so in its holding.

**6.** In *Stephens,* this Court decided, as a matter of federal constitutional law, that when an appellate court decides the evidence is insufficient to support a conviction *only* for the greater offense, double jeopardy principles bar a subsequent prosecution for the lesser

offense. See *Stephens v. State,* 806 S.W.2d 812, 814 fn. 4, 819 (Tex.Cr.App.1990). *Stephens* did not "purport to answer" whether this rule applied "if the jury charge had included an instruction on the lesser included offense or if the trial court had erroneously refused the State's request for a lesser included offense instruction." *Stephens,* 806 S.W.2d at 814 fn. 4. In *Ex parte Granger,* the Court decided this rule does not apply when the jury is actually instructed on the lesser offense. See *Ex parte Granger,* 850 S.W.2d 513, 520 (Tex.Cr.App.1993).

**7.** The dissenting opinion in *Stephens* also answers the prosecutorial overreaching-requiring-the-prosecution-to-be-punished argument

*Myers* and *Stephens* demonstrate a fundamental misunderstanding of federal constitutional double jeopardy principles by erroneously believing they bar a subsequent prosecution for the lesser offense in cases like this. See *Stephens,* 806 S.W.2d at 819–20; *Myers,* 461 N.W.2d at 783 fn. 9. These cases fail to appreciate the legally significant distinction between when a *jury acquits* a defendant of the greater offense versus when a *jury convicts* the defendant of the greater offense but an appellate court decides the evidence is insufficient to support only an aggravating element of the greater offense. See *Stephens,* 806 S.W.2d at 821–22 (McCormick, P.J., dissenting) (acquittal by appellate court after jury's finding of guilt significantly differs from a jury's finding of not guilty).

Double jeopardy principles clearly do not bar a subsequent prosecution for the lesser offense in cases like this. See *Morris v. Mathews,* 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986); *Richardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Price v. Georgia,* 398 U.S. 323, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970); *Stephens,* 806 S.W.2d at 820–34 (McCormick, P.J., dissenting) (fully explaining why *Stephens* was wrongly decided). And, this is the rule this Court followed in a host of cases before this Court overruled them in *Stephens.* See *Stephens,* 806 S.W.2d at 829, 831 (McCormick, P.J, dissenting).

The United States Supreme Court's decision in *Morris v. Mathews* supports holding that double jeopardy principles do not prohibit a subsequent prosecution for the lesser offense or an appellate court from reforming the judgment to reflect conviction of the lesser offense. See *Morris,* 106 S.Ct. at 1037–39 (reducing jeopardy-barred conviction for aggravated murder to non-jeopardy-barred conviction for lesser offense of murder was adequate remedy for the double jeopardy violation); *Stephens,* 806 S.W.2d at 821–22 fn. 6, 825–29 (McCormick, P.J., dissenting). *Stephens'* reasoning is unsound and it should be overruled. Because of this, the Court should reexamine its decision on original submission since much of it duplicates *Stephens'* unsound reasoning.

*Myers* distinguished *Morris* on the ground that the jury in *Morris* "was instructed on the lesser included offense." See *Myers,* 461 N.W.2d at 784 fn. 12. This is irrelevant as the Court's decision in *Morris* did not turn on there being a jury instruction on the lesser offense. See also *Rutledge,* 116 S.Ct. at 1241; *Shields,* 722 So.2d at 586 (noting that U.S. Supreme Court has never drawn distinction between jury instruction and no jury instruction on the lesser offense).

*Myers* also distinguished *Morris* on the ground that the conviction in *Morris* "was not reversed because of insufficient evidence on an element of the greater offense." See *Myers,* 461 N.W.2d at 784 fn. 12. This is a distinction without any legal significance to the issue of whether an appellate court can reform.

In summary, the lead plurality opinion adopts a distinct minority position. The lead plurality opinion and the case upon which it primarily relies—*Myers* —are inconsistent. *Myers* is also internally inconsistent and demonstrates a fundamental misunderstanding of federal double jeopardy jurisprudence. It is a mistake to rely on such a flawed decision. The Court should grant rehearing and consistent with the overwhelming weight of authority from other jurisdictions hold that an appellate court can reform a judgment to reflect conviction of the lesser offense in cases where there has been no requested or actual jury instruction on the lesser offense.

that some like to make in cases like this. See *Stephens,* 806 S.W.2d at 831, 833 (McCor- mick, P.J., dissenting).

For its rationale the lead plurality opinion also relies on *Arevalo* for the proposition that the prosecution can easily obtain a lesser offense instruction. *Collier*, 999 S.W.2d at 782–83. The lead plurality opinion asserts that if "the evidence will support a lesser included offense instruction," then the prosecution probably should request one. *Id.*

But this is the very proposition the Court rejected in *Arevalo* because the evidence always supports a lesser offense instruction. *Arevalo* decided the prosecution is not entitled to a lesser offense instruction unless the prosecution also meets the "guilty only" prong. See *Arevalo*, 943 S.W.2d at 889–90. So, contrary to what the lead plurality opinion says, *Arevalo* presents a significant impediment to the prosecution obtaining a lesser offense instruction. See *Arevalo*, 943 S.W.2d at 889–90.[8]

*Arevalo* creates other problems. For example, if the prosecution requests but does not get a lesser offense instruction to which it is not entitled under *Arevalo*, is this nevertheless sufficient to permit reformation? Can an appellate court reform the judgment to reflect conviction of a lesser offense if the prosecution is not entitled to a jury instruction on the lesser offense under *Arevalo?* Under the lead plurality opinion, it would seem so.

One might argue that if the appellate court eventually decides the evidence is insufficient to support an element of the greater offense then the prosecution's evidence necessarily meets the "guilty only" test. This is not necessarily correct. A prosecution's evidence on the greater offense can be "weak" but still not meet the "guilty only" test. Or an appellate court can, like this Court did in *Stephens*, decide the evidence is insufficient to support an element of the greater offense because of some technical defect unrelated to the de-

fendant's guilt or innocence. See *Stephens*, 806 S.W.2d at 820–21 (McCormick, P.J., dissenting). For example, in *Stephens* the prosecution would not have been entitled to a lesser offense instruction under *Arevalo* even though the appellate court eventually decided the evidence was insufficient to support the aggravating element of the greater offense. In addition, whether the evidence is insufficient to support a conviction for the greater offense is not always apparent. See *Stephens*, 806 S.W.2d at 831 (McCormick, P.J., dissenting) (discussing a case in which five members of this Court decided evidence insufficient to support conviction for greater offense even though 12 jurors and four members of this Court decided evidence was sufficient to support conviction for greater offense).

The point of this discussion is that *Arevalo* makes it more "onerous" for the prosecution to request a lesser offense instruction than the lead plurality opinion would seem to indicate. If the prosecution requests a lesser offense instruction, it risks injecting *Arevalo* error into the case. If the prosecution decides not to request the lesser offense instruction because of potential *Arevalo* error, it risks losing its "right" to reformation *vis-a-vis* the Court's decision in this case.

It also should be noted that *Myers* apparently does not require the prosecution to meet the "guilty only" test *vis-a-vis* *Arevalo* before a trial court can instruct the jury on a lesser offense. Compare *Myers*, 461 N.W.2d at 781–83 (prosecution may get lesser offense instruction when its evidence on greater offense is "weak"), with *Arevalo*, 943 S.W.2d at 889–90 (prosecution not necessarily entitled to lesser offense instruction when its evidence on greater offense is "weak"). So, if the lead plurality opinion intended to follow *Myers*,

---

**8.** *Arevalo* also confused those situations when a trial court *must* instruct on a lesser offense with those situations when a trial court *may* instruct on a lesser offense. See *Arevalo*, 943 S.W.2d at 890–92 (McCormick, P.J., dissenting) and at 892–94 (Meyers, J., dissenting). *Arevalo* effectively removed a trial court's discretion to instruct on a lesser offense.

then it also should have voted to overrule *Arevalo.*

*Stephens* which was decided before *Arevalo* also noted that "nothing" prevented the prosecution from requesting a lesser offense instruction. See *Stephens,* 806 S.W.2d at 818. However, *Arevalo* now prevents the prosecution from requesting a lesser offense instruction which is another reason why *Stephens* should be overruled.

The lead plurality opinion, *Arevalo* and *Stephens* balance the competing interests about as much as possible in favor of fairly-tried and guilty criminal defendants. If the Court's decision on original submission stands, then the Court should at least overrule *Arevalo* and *Stephens* to restore some sense of balance to the law.

Finally, I agree with Judge Keasler's concurring opinion on original submission that this case should be analyzed under Tex.R.App.Proc. 43.2(c) which permits an appellate court to "render the judgment that the trial court should have rendered." Judge Keasler's concurring opinion concludes that an appellate court "cannot reform a judgment to reflect a conviction for a lesser-included offense unless that lesser-included offense was submitted in the jury charge" because "if a jury is not instructed on a lesser-included offense, a trial court is not able to render judgment on that lesser-included offense." *Collier,* 999 S.W.2d at 784 (op. on orig. sub'm) (Keasler, J., concurring in the judgment). Judge Keasler's concurring opinion also discusses still valid prior law which permits appellate courts to reform a trial court's judgment to reflect the *"true finding of the fact finder." Collier,* 999 S.W.2d at 783 (op. on orig. sub'm) (Keasler, J., concurring in the judgment) (emphasis in original).

For the reasons already discussed, the position in Judge Keasler's concurring opinion represents a minority view. The weight of authority supports a contrary view with these authorities having been decided under statutes or rules similar to our Rule 43.2(c). See, e.g., *Hunt,* 129 F.3d at 744 fn. 3 (construing a statute permitting appellate court to reverse a judgment and to direct entry of an "appropriate judgment").

In addition, the analysis in Judge Keasler's concurring opinion supports holding that appellate courts can reform in cases like this. When a jury is instructed on the greater offense, it is necessarily instructed on the lesser offense by the very nature of the definition of a lesser offense.

When a jury is separately instructed on a lesser offense, it is not because the instruction on the greater offense is lacking or does not adequately cover the lesser offense. A jury is separately instructed on a lesser offense in order to give the jury the option of convicting the defendant only of the lesser offense because there is some view of the evidence that if the defendant is guilty, he is guilty only of the lesser offense. In cases like this the lesser offense is submitted in the jury charge in the instructions on the greater offense. See *Collier,* 999 S.W.2d at 784 (op. on orig. sub'm) (Keasler, J., concurring in the judgment) (no reformation unless lesser offense submitted in jury charge).

In addition, when a jury convicts the defendant of the greater offense, it necessarily convicts him of the lesser offense again because of the very nature of the definition of a lesser offense. So, if the appellate court reforms the judgment to reflect conviction of a lesser offense, it is reforming the judgment to reflect a "true finding of the fact finder." See *Collier,* 999 S.W.2d at 783 (op. on orig. sub'm) (Keasler, J., concurring in the judgment) (reformation permitted to reflect true finding of the fact finder).

I respectfully dissent to the denial of rehearing.

KELLER, J., joins this dissent.