Affirmed and Memorandum Opinion filed March 27, 2003









Affirmed and Memorandum Opinion filed March 27, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00502-CR

____________

 

DANIEL ANTHONY ROSADO,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 339th District Court

Harris County, Texas

Trial
Court Cause No. 901260

 



 

M
E M O R A N D U M  O
P I N I O N

Daniel
Anthony Rosado appeals his conviction for aggravated assault on the ground that
the evidence is insufficient to support his conviction. We affirm.

Sufficiency
of the Evidence








In
a single issue, appellant contends the evidence is insufficient to support his
conviction. Appellant does not specify whether he is challenging the evidence on
legal or factual sufficiency grounds. In his prayer for relief, however,
appellant requests reversal and acquittal. Because acquittal is only
appropriate when a legal sufficiency challenge is sustained, we will review the
evidence under a legal sufficiency standard. See Collier v. State, 999 S.W.2d 779,
786 (Tex. Crim. App. 1999). 

Standard
of Review

When
reviewing legal sufficiency, we view the evidence in the light most favorable
to the verdict, asking whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19
(1979); Wesbrook v. State, 29 S.W.3d
103, 111 (Tex. Crim. App. 2000). In reviewing
the legal sufficiency of the evidence supporting a conviction relative to a
claim of self-defense, we do not look to whether the State presented evidence
that refuted the self-defense theory, but only whether after viewing all the
evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt and could have found against the
self-defense theory beyond a reasonable doubt. Saxton v.
State, 804 S.W.2d 910,
913 (Tex. Crim.
App. 1991).

Legal
Sufficiency Review

An
aggravated assault occurs when one intentionally, knowingly, or recklessly
causes serious bodily injury to another. Tex.
Pen. Code Ann. '' 22.01(a)(1), 22.02(a)(1). A person is
generally justified in using deadly force against another in self-defense if,
among other things, he reasonably believes the force is immediately necessary
to protect himself against the other=s
use or attempted use of unlawful force, and if a reasonable person in the actor=s
situation would not have retreated. Tex.
Pen. Code Ann. '' 9.31(a), 9.32(a).








In
this case, an altercation occurred between appellant and Martin Godinez at the apartment complex where they both lived. On
March 13, 2001, Martin Godinez rode his bicycle to
Rene Ochoa=s apartment to ask Ochoa for a ride to get a haircut. As Ochoa
and Godinez were walking toward the car, they saw
appellant and his brother, Ramiro Rosado. Ramiro asked Godinez
and Ochoa, AWhat are you looking at?@ Ochoa responded, AI
can look at anything I want to.@ Rene then pulled out a knife and Ochoa and Godinez
ran away. Ramiro then chased Ochoa and appellant chased Godinez.
As he was chasing Godinez, appellant was carrying the
handle to a car jack. When appellant reached Godinez,
Godinez was walking his bicycle and had dropped the
chain he used to lock the bicycle. According to Godinez,
appellant picked up the chain and refused to give it to Godinez.
When Godinez asked for the chain, appellant hit him
in the head with the jack handle. That is the last event Godinez
remembered.

Appellant
testified that when he approached Godinez, Godinez was swinging the bicycle chain in a threatening
manner. Because he was afraid for his own life and for that of his brother,
appellant hit Godinez with the jack handle.

During
the State=s rebuttal, Bernadine Flores testified that she saw one man
straddling a bicycle, then saw another man run from the other side of the
apartment complex carrying a long metal object. Flores testified that the man
carrying the metal object swung it and hit the first man in the head. She
testified that the man on the bicycle was not holding anything in his hands.

Godinez suffered
severe head trauma from the blow with the jack handle. He arrived at the
hospital in a coma and required immediate surgery to save his life. Because a rational
trier of fact could conclude from this evidence that
appellant caused serious bodily injury by assaulting Godinez
and was not acting in self-defense, the evidence is legally sufficient to
support his conviction. Appellant=s sole issue is overruled.

The
judgment of the trial court is affirmed.

 

PER CURIAM

 

 

 

Judgment rendered and Memorandum Opinion
filed March 27, 2003.

Panel consists of Chief Justice Brister
and Justices Fowler and Edelman.

Do Not Publish C
Tex. R. App. P. 47.2(b).