NO. 07-01-0154-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 7, 2003

______________________________

MICHAEL ALONDUS BALQUE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 183RD DISTRICT COURT OF HARRIS COUNTY;

NO. 860013; HONORABLE JOAN HUFFMAN, JUDGE

_______________________________

Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J.
(footnote: -6)
ON REMAND

Appellant was convicted by a jury of aggravated kidnapping and the jury assessed punishment at 31 years confinement in the Texas Department of Criminal Justice- Institutional Division and a fine of $10,000.  In our prior opinion, holding the evidence was factually insufficient to support a conviction for aggravated kidnapping, we sustained appellant’s first point of error and reformed the verdict to reflect conviction for the lesser-included offense of assault and remanded to the trial court for a new punishment hearing.

By its second ground for review, the State alleged we erred (1) by applying  the wrong remedy to a factual sufficiency review and (2) in utilizing the decision in Collier v. State, 999 S.W.2d 779, 782 (Tex.Cr.App. 1999) (en banc).  Holding that the remedy for factually insufficient evidence is to vacate the conviction and remand the cause for new trial, the Court of Criminal Appeals reversed our judgment and remanded the cause to this Court for further action.

Remaining convinced the evidence is factually insufficient to support the conviction for aggravated kidnapping,
(footnote: 1) we sustain appellant’s first point of error, reverse the judgment of the trial court, and remand the cause for a new trial.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
-6:
John T.  Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

1:
The Court of Criminal Appeals did not address or consider our determination that the evidence was factually insufficient.