

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-1607-10

**DEBORAH BOWEN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE ELEVENTH COURT OF APPEALS FISHER COUNTY

**PRICE, J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.**

### <u>DISSENTING OPINION</u>

In *Haynes v. State*,[1] a solid majority of the Court recognized Judge Keasler's concurring opinion in *Collier v. State* as the governing *ratio decidendi*.[2] Judge Keasler's position in *Collier* was contingent, in turn, upon the language of Rule 43.2(c) of the Texas

---

[1] 273 S.W.3d 183 (Tex. Crim. App. 2008).

[2] *Id.* at 187 (citing *Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999).

Rules of Appellate Procedure.[3]  His argument was that a court of appeals's authority to "render" judgment on appeal is limited to what it concludes "the trial court should have rendered."[4]  In a jury trial, unless the jury is authorized to convict a defendant of a lesser-included offense as well as the greater-inclusive offense, it cannot be said that, when the evidence proves insufficient to establish the greater offense but sufficient to establish the lesser, the trial court "should have rendered" a conviction for the lesser-included offense—because the jury could not have done so.[5]  And when it is not the case that the "trial court should have rendered" a judgment of conviction for the lesser-included offense, an appellate court is not authorized under Rule 43.2(c) to do so.[6]  This logic led Judge Keasler to conclude that an appellate court cannot reform a trial court's judgment to reflect conviction of a lesser-included offense in a jury trial unless the jury was expressly authorized by the jury charge to convict the defendant for that lesser-included offense.[7]  In *Haynes*, we

---

[3]

*Id*. at 186 n.4.  *See* TEX. R. APP. P. 43.2(c) ("**Types of Judgment**  The court of appeals may . . . reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered.").

[4]

*Collier*, *supra*, at 784 (Keasler, J., concurring).

[5]

*Id*.

[6]

*Id*.

[7]

*Id*. at 785.

embraced this rationale as controlling law.[8]

Twice in its opinion in this cause, the court of appeals took pains to point out that the jury charge contained no lesser-included-offense instruction authorizing the jury to convict the appellant for misapplication of fiduciary property as a second-degree felony.[9] That being the case, it cannot be said, consistent with the logic and holding of *Haynes*, that the "trial court should have rendered" a judgment of conviction for the offense of misapplication of fiduciary property as a second-degree felony. Therefore, the court of appeals correctly perceived that it lacked the authority to render that judgment itself under Rule 43.2(c).

At least four times in recent memory, the State has urged us to overrule *Collier*.[10] What the State ought really to be advocating, if anything, is for this Court's Rules Committee to undertake a re-examination of Rule 43.2(c), with a view to amending it.[11] In *Haynes*, we have already firmly resolved the issue of the authoritativeness of our construction of the present incarnation of Rule 43.2(c), identifying Judge Keasler's reasoned position as

---

[8] *Haynes*, *supra*, at 187.

[9] *Bowen v. State*, 322 S.W.3d 435, 437 & 442 (Tex. App.—Eastland 2010).

[10] Besides this case and *Haynes*, the State has also urged us to overrule *Collier* in *Shipp v. State*, 331 S.W.3d 433, 434 n.5 (Tex. Crim. App. 2011), and in *Tucker v. State*, 274 S.W.3d 688, 691 n.13 (Tex. Crim. App. 2008), but we disposed of each of those cases in such a way that we ultimately did not have to reach the question.

[11] *See Haynes*, *supra*, at 189 n.14 (pointing out that "the rule applied in this case should be changed through the legislative or rule-making process rather than through judicial activism").

controlling and *stare decisis*. The only thing that has changed since that time is "the composition of this Court, which is not a valid reason for ignoring *stare decisis* principles."[12]

I would honor *stare decisis* and affirm the judgment of the court of appeals. Because the Court does not, I respectfully dissent.

FILED:       June 20, 2012
PUBLISH

---

[12] *Id*. at 187.