TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00826-CR







Rickey Lamont Givens


a/k/a Rickey Lamont Givons


a/k/a Ricky Lamont Givens, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 49,765, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






A jury found appellant Rickey Lamont Givens guilty of possessing more than four
grams of cocaine and assessed punishment at imprisonment for twenty-five years and a $3000 fine. 
See Tex. Health & Safety Code Ann. § 481.115(a), (d) (West Supp. 2000). Givens challenges
the legal and factual sufficiency of the evidence. We will affirm.

The State contends Givens did not preserve his evidence sufficiency claims for
review. See Tex. R. App. P. 33.1 (preservation of error). The State asks us "to explain why,
if there is a reason, Rule 33.1 . . . does not apply."

It has long been the rule in Texas that a criminal appellant may challenge the
sufficiency of the State's evidence even though the issue was not raised in the trial court. See
Flanary v. State, 316 S.W.2d 897, 898 (Tex. Crim. App. 1958) (op. on reh'g); see also Collier
v. State, 999 S.W.2d 779, 787 (Tex. Crim. App. 1999) (Keller, J., dissenting) ("procedural
default concepts are generally absent from evidentiary sufficiency issues as they relate to elements
of an offense"); 43 George E. Dix and Robert O. Dawson, Criminal Practice and Procedure
§§ 43.382, .382a (Texas Practice 1995 & Supp. 2000). In other words, the State's burden to
present evidence sufficient to sustain a conviction has been considered an absolute requirement
that must be observed without request and cannot be waived or forfeited. See Marin v. State, 851
S.W.2d 275, 279-80 (Tex. Crim. App. 1993) (absolute, waivable, and forfeitable rights). Former
appellate rule 52(a), the direct antecedent to rule 33.1, "[did] not apply to . . . absolute systemic
requirements, the violation of which may still be raised for the first time on appeal." See id. at
280. The State cites no authority and makes no argument that rule 33.1, unlike former rule 52(a),
was intended to amend or repeal established rules of adversary litigation. We therefore conclude
that Givens did not forfeit his right to challenge the sufficiency of the evidence on appeal by
failing to move for an instructed verdict or new trial, or by otherwise raising the issue in the
district court.

On the day in question, Killeen Police Officer Roy Clayton saw Givens, whom he
recognized as having an outstanding arrest warrant, using a pay telephone. As the officer turned
his patrol car, Givens entered the passenger side of an automobile that then drove away. Clayton
stopped the car and "immediately went for the driver's side to keep him in the vehicle for my
safety." Clayton spoke to Givens through the driver's side window, told him there was a warrant
for his arrest, and asked him to step out of the car. As Clayton walked around the back of the car
to the passenger's side, he saw Givens "bending forward in the front seat as in either reaching for
something towards the floor board area or doing something with his hands." Reaching the
passenger window, the officer saw Givens "taking some items out of what appeared to be his left
shoe" and "throwing it onto the floor" of the car. "I immediately noticed what I believed to have
been crack cocaine that he had in his hand that he was throwing onto the floor board."

Clayton removed Givens from the car, handcuffed him, and placed him in the
custody of a backup officer. As Clayton returned to the stopped car, he saw the driver "reaching
over into the passenger side floor board and picking up the substance that I believe was crack." 
The driver, David Brown, then opened the car door and threw the substance onto the ground
beneath the car. Clayton retrieved the substance, which laboratory tests confirmed was crack
cocaine.

Both Brown and Givens testified that the cocaine belonged to the third man in the
car, Roderick Powell, who was sitting in the back seat. Brown and Givens testified that when the
officer turned on his emergency lights to stop the car, Powell said, "Here, Rickey" and handed
Givens the cocaine. Givens said he threw the cocaine on the floor when he realized what it was. 
There was evidence that Powell is a cocaine dealer.

The test for the legal sufficiency of the evidence to support a criminal conviction
is whether, after viewing all the evidence in the light most favorable to the verdict, any rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 
See Jackson v. Virginia, 443 U.S. 307, 324 (1979); Griffin v. State, 614 S.W.2d 155, 158-59
(Tex. Crim. App. 1981). Officer Clayton's testimony is sufficient to support the jury's finding
that Givens exercised care, custody, or control of the cocaine knowing that it was contraband. 
Point of error one is overruled.

In a factual sufficiency review, all the evidence is considered equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. See Orona v. State,
836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). A factual sufficiency review asks
whether a neutral review of all the evidence, both for and against the finding of guilt,
demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary
proof as to undermine confidence in the jury's determination. See Johnson v. State, No. 1915-98,
slip op. at 18 (Tex. Crim. App. Feb. 9, 2000). We are not free to reweigh the evidence and set
aside a verdict merely because we feel that a different result is more reasonable. See Clewis v.
State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996); Reina v. State, 940 S.W.2d 770, 773 (Tex.
App.--Austin 1997, pet. ref'd). Viewing all the evidence equally, and giving due deference to the
jury's verdict, we conclude that the finding of guilt beyond a reasonable doubt is not clearly
wrong and unjust. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v.
State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as untimely filed). Point of error
two is overruled.

The judgment of conviction is affirmed.



 


 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Publish



idence on appeal by
failing to move for an instructed verdict or new trial, or by otherwise raising the issue in the
district court.

On the day in question, Killeen Police Officer Roy Clayton saw Givens, whom he
recognized as having an outstanding arrest warrant, using a pay telephone. As the officer turned
his patrol car, Givens entered the passenger side of an automobile that then drove away. Clayton
stopped the car and "immediately went for the driver's side to keep him in the vehicle for my
safety." Clayton spoke to Givens through the driver's side window, told him there was a warrant
for his arrest, and asked him to step out of the car. As Clayton walked around the back of the car
to the passenger's side, he saw Givens "bending forward in the front seat as in either reaching for
something towards the floor board area or doing something with his hands." Reaching the
passenger window, the officer saw Givens "taking some items out of what appeared to be his left
shoe" and "throwing it onto the floor" of the car. "I immediately noticed what I believed to have
been crack cocaine that he had in his hand that he was throwing onto the floor board."

Clayton removed Givens from the car, handcuffed him, and placed him in the
custody of a backup officer. As Clayton returned to the stopped car, he saw the driver "reaching
over into the passenger side floor board and pick