NUMBER 13-04-120-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

MICHELLE STATLER,                                                Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                   On appeal from the 36th District Court

                        of San
Patricio County, Texas.

 

 

 

          CONCURRING MERMORANDUM OPINION[1] 

 

                   Before Justices Yañez, Castillo,
and Garza

          Concurring Memorandum Opinion by
Justice Castillo

 








Appellant Michelle
Statler raises two issues on appeal:  (1)
variance between the indictment and proof; and (2) legal insufficiency of the
evidence to prove the essential elements of the offense.  Respectfully, I concur in the result.

I.  LEGAL SUFFICIENCY

By her second issue,
Statler asserts that the evidence is legally insufficient to support the
conviction.  

A.  Standard of Revew








A challenge to the
legal sufficiency of the evidence and hence Statler's second issue is properly
reviewed under the standard of Jackson v. Virginia, 443 U.S. 307, 319 (1979).[2]  A legal‑sufficiency challenge calls on
us to review the relevant evidence in the light most favorable to the verdict,
and then determine whether a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Escamilla v. State, 143 S.W.3d 814,
817 (Tex. Crim. App. 2004) (citing Jackson, 443 U.S. at 319); see
also Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003) (en
banc).  This standard is meant to give
"full play to the [jury's] responsibility fairly" to "draw
reasonable inferences from basic facts to ultimate facts."  Sanders v. State, 119 S.W.3d 818, 820
(Tex. Crim. App. 2003).  We consider all
the evidence that sustains the conviction, whether properly or improperly
admitted.  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001) (citing Garcia v. State, 919
S.W.2d 370, 378 (Tex. Crim. App. 1994) (en banc)).  Similarly, we consider all the evidence that
sustains the conviction, whether submitted by the prosecution or the defense,
in determining the legal sufficiency of the evidence.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000) (en banc); Cook v. State, 858 S.W.2d 467, 470
(Tex. Crim. App. 1993) (en banc).  In
this review, we are not to reevaluate the weight and credibility of the
evidence, but rather, we act only to ensure that the jury reached a rational
decision.  Muniz v. State, 851
S.W.2d 238, 246 (Tex. Crim. App. 1993) (en banc). 

B.  Hypothetically Correct Jury Charge








The legal sufficiency
of the evidence is measured against the elements of the offense as defined by a
hypothetically correct jury charge for the case.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997).  This standard of
legal sufficiency ensures that a judgment of acquittal is reserved for those
situations in which there is an actual failure in the State's proof of the
crime, rather than a mere error in the jury charge submitted.  Id.  We then determine if any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson, 443 U.S. at
319.  If we reverse a criminal case for
legal insufficiency, we reform the judgment of conviction to reflect conviction
for a lesser offense only if a jury charge on the lesser offense was either
submitted or requested, but denied.  Collier
v. State, 999 S.W.2d 779, 782 (Tex. Crim. App. 1999).  Otherwise, we vacate the judgment of
conviction for legal insufficiency and order a judgment of acquittal.  Swearingen, 101 S.W.3d at 95. 

A hypothetically
correct charge is one that accurately sets out the law, is authorized by the
indictment, does not unnecessarily increase the State's burden of proof or
restrict its theories of liability, and adequately describes the particular
offense proof.  Malik, 953 S.W.2d
at 240; Cano v. State, 3 S.W.3d 99, 105 (Tex. App.BCorpus Christi 1999,
pet. ref'd).  A hypothetically correct
jury charge would not simply quote from the controlling statute.  Gollihar v. State, 46 S.W.3d 243, 254
(Tex. Crim. App. 2001).  Its scope is
limited by the statutory elements of the offense as modified by the charging
instrument.  See Curry v. State,
30 S.W.3d 394, 404 (Tex. Crim. App. 2000). 
Malik flatly rejects use of the jury charge actually given as a
means of measuring sufficiency of the evidence. 
See Gollihar, 46 S.W.3d at 252. 
Malik controls sufficiency of the evidence analysis even in the
absence of alleged jury charge error.  Gollihar,
at 254-55.  

C.  Elements of the Offense

A hypothetically
correct jury charge would instruct the jury that a person commits an offense of
credit or debit card abuse if she receives a benefit that she knows has been
obtained in violation of Texas Penal Code section 32.31.  See Tex.
Pen. Code Ann. _ 32.31(b)(3) (Vernon
Supp. 2004-05). 

D.  Disposition








 Here, the authorized bank-card holder
testified that the bank card could be used 
both as a debit and a credit card.[3]  He unequivocally testified that one
transaction "was handled as a debit." 
The evidence showed that, whether a "debit check card" or a
"credit card," the bank card was tied to a single account number, and
Statler's unauthorized expenditures were billed to that account number.  Evidence further showed that Statler obtained
goods without the effective consent of the cardholder. Viewedin the light most
favorable to the verdict against a hypothetically correct jury charge, a
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Thus, I agree
that the evidence is legally sufficient and, accordingly, the second issue
should be overruled.   

II.  FATAL VARIANCE

By her first issue,
Statler asserts that the variance between the indictment and the proof at trial
is fatal to the conviction.  

A.  Standard of Review








An argument that there
is a material variance between the proof adduced at trial and the indictment,[4]
on the other hand, first requires an examination of whether there is a
variance, Gollihar, 46 S.W.3d at 246, and then, if there is a variance,
an examination of the materiality of the variance.  Id. at 257-58.  Some courts have viewed a variance claim as a
notice issue and others as a sufficiency issue, although the court of criminal
appeals has more consistently reviewed the issue as one of sufficiency.[5]  Id. at 247.  However, even when viewed as a sufficiency
question, a variance claim is subject to an additional materiality analysis
which is not required under a traditional sufficiency of the evidence
review.  Id. at 247 n.7.  Only a material variance will render the
evidence insufficient.  Id. at
257.

B.  Discussion








In this case, the
prosecution's failure to prove "a debit check card" exactly as
alleged in the indictment does not render the evidence insufficient under the
hypothetically correct jury charge of the offense under section 32.31(b)(3).  The variance between the indictment and the
proof is also immaterial.  There is no
indication in the record that Statler did not know the bank card could be used
as both a credit and debit card or that she was surprised by the proof at
trial.  See Gollihar, 46 S.W.3d at
257.  Further, the variance does not
subject Statler to another prosecution for the same offense.  See id. 
As there was no material variance because the bank card was both a debit
and credit card, I agree that the first issue should be overruled.

III.  CONCLUSION

With these comments, I
concur in the result.

 

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Concurring Memorandum Opinion delivered and filed

this 7th day of July,  2005.

 











[1] See Tex. R. App. P. 47.2, 47.4.





[2] I note that  Statler's second issue complains generally
that the evidence is insufficient to support the conviction, without specifying
whether the challenge was to the legal or the factual sufficiency of the
evidence.  However, as her challenge
specifically relates to the sufficiency of the evidence in light of the alleged
variance between the evidence and the indictment as to proof of the existence
of the card used, I read this solely as a challenge to the legal sufficiency of
the evidence.  See Gollihar v. State,
46 S.W.3d 243, 246-49 (Tex. Crim. App. 2001) (discussing how variance claims
have been treated as an evidentiary question under the Jackson v. Virginia standard).





[3] The
bank-card holder testified as follows on cross-examination:

 

Q:  Okay. 
Now, there has been some discussion on whether or not the items that she
purchased particularly over in the HEB that day, whether or not they were on a
debit or a credit.  Do you understand the
difference?

 

A:  Yes.

 

Q:  Tell me the difference.

 

A: 
The difference is one is a credit card and the other one is a debit
which is debit[ed] to your account.  In
this case a debit credit card which was issued by my bank is both.  It's a credit card and it's a debit card.





[4] Statler also argues that there was
a material variance between the evidence and the jury charge; however, the
variance doctrine relates to variances between the evidence and the charging
instrument.  Gollihar, 46 S.W.3d
at 246.





[5] The court of criminal appeals has
noted that a defendant could also raise a pure notice claim  apart from a variance/sufficiency claim, Gollihar,
46 S.W.3d at 257 n.24, but Statler has not done so in the present case.