IN THE COURT OF CRIMINAL APPEALS


OF TEXAS 






NO. PD-1923-06






LARRY GLENN HAYNES, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Johnson, J., filed a concurring opinion.


O P I N I O N 



 I join the Court's opinion.

 Following the dictates of Malik v. State, 953 S.W.2d 234 (Tex. Crim. App 1997), the court
of appeals found that the state had failed to prove an element of the charged offense, that no jury
instruction on a lesser-included offense had been requested by either advocate, and that the trial court
had not included such an instruction sua sponte. (1) Haynes v. State, __ S.W.3d ___ (Tex. App.
Houston-1st 2007). The court of appeals determined that the hypothetically correct jury charge
would not have included the missing element, found that the evidence was therefore legally
insufficient to support an element of the offense, and rendered a judgment of acquittal. The state
appealed, asserting that the court of appeals should have reformed the judgment to reflect conviction
of misdemeanor assault. (2)

 In this case, the state urges us to overrule Collier v. State, 999 S.W.2d 787 (Tex. Crim. App.
1999), because "reformation is the defendant's and not the State's remedy . . .." State's brief at 8. 
If that is an appropriate reason for overturning Collier, then we must wait for a case in which the
defendant, not the state, is requesting reformation. 

 The state also argues that "the issue on which Collier turned" was a "misguided procedural
default determination . . ." and that "acquittal is reserved for those situations in which there is an
actual failure in the State's proof of the crime"; here "there was only a failure in the proof of an
aggravating element of the offense and not the actual crime." Id. at. 8-9. It appears that the state
equates the crime alleged in the indictment with the crime proved at trial. If aggravated robbery is
the crime alleged, it can be proved only if all elements, including the aggravating factor, are proved. 
If "there was only a failure in the proof of [the] aggravating factor," then robbery has been proved. 
But robbery was not the offense alleged in the indictment, and there has therefore been a failure in
the state's proof of the actual crime alleged. As Judge Campbell said in Stephens, "The State, with
respect to the lesser included offense, argues that a reversal based on insufficiency of the evidence
as to the aggravating element should not be accorded the same status as other appellate reversals
because the issue of the lesser included offense was never presented to the jury. . . . We find [this]
argument[] unpersuasive." Stephens v. State, 806 S.W.2d 812, 819 (Tex. Crim. App. 1990).

 Before trial, the power lies wholly with the state. The state has the burden of proving an
accusation, but it also has great discretion as to what that accusation will be. As a general rule, the
state has more resources available to it, particularly investigatory resources. The state gathers the
evidence, and on the basis of that evidence, chooses what offenses to allege in the charging
instrument. The state may amend the indictment or information, abandon counts or elements, or
dismiss and refile. It may restrict defense access to physical evidence. State witnesses are not
compelled to communicate with defense counsel, and their statements do not have to be divulged
until after they testify on direct examination. Although many prosecutors' offices do let defense
counsel see physical evidence and witness statements before trial, they are not required to do so, and
some offices do not do so. 

 At trial, the balance of power shifts somewhat. The state still controls the content of the
indictment and most of the evidence, but now the defendant has more opportunity to challenge that
evidence. If defense counsel determines that the state has failed in its burden to prove each and
every element of the charged offense, then the choice of requesting instructions on lesser-included
offenses-or not-must be made. At times, the decision is influenced by a client who adamantly
opposes instructions on lesser-included offenses. The gamble for the defense is that the jury will
discern the failure of proof and, with no other choice available, acquit. The choice is big win versus
big loss. 

 Wise prosecutors allege only what the evidence supports. At times, evidence that appears
to support a charge may have been oversold by a witness and actually provides insufficient support
for the indicted offense but quite nicely supports a lesser-included charge. At that point, just as for
the defendant, the choice of requesting instructions on lesser-included offenses-or not-must be
made. A prosecutor is well served by the words of Tex. Code Crim. Proc. art. 2.01: "It shall be the
primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to
see that justice is done." Art. 2.01 instructs a prosecutor to go not with what one "knows," but with
what one can prove beyond a reasonable doubt. In such a case, seeing that justice is done may mean
letting loose of the charged aggravated robbery and accepting that the right verdict is robbery. The gamble for the state in choosing not to request lesser-included-offense instructions is that
the jury will convict on the charged offense, in spite of weak (and possibly insufficient)
evidence-again, big win versus big loss. The prosecutor who gambles that the jury will convict on
weak evidence and so does not hedge the bet with a lesser-included-offense instruction has chosen
a path that may indeed cause a defendant who is guilty of some crime-one of the lesser-included
offenses-to go free. If the prosecutor chooses to cling to the wreckage of that particular Titanic
instead of choosing the lifeboat of a lesser-included offense, then he or she must also accept the
consequences that follow. The consequence of failing to carry the state's burden of proof is an
acquittal. 

 In this case, both sides went for the big win, and inevitably one side-here the state-got the
big loss instead. Regardless of which side chooses to "go for broke," it may be a valid strategic
choice from which neither side should be rescued. 


Filed: April 30, 2008

Publish 



1. As in Stephens v. State, 806 S.W.2d 812 (Tex. Crim. App. 1990), a double-jeopardy case, the state
contributed to the error. Id. at 818 ("Nothing prevented the State from requesting a lesser included offense
instruction. . . . By electing to proceed only on the greater offense, the State can hardly claim that it did not
contribute to the error.").
2. The state's argument is based entirely on the dissenting opinion in Collier v. State, 999 S.W.2d 787 (Tex.
Crim. App. 1999). But as the dissent in this case notes, the narrowest rule can be discerned by counting the number
of judges who were aligned with each position; eight judges would allow reformation if lesser-included instructions
had been submitted to the jury, while five would deny reformation if such an instruction was neither requested nor
submitted. Thus, while the lead opinion garnered only four votes, Collier's holding had five votes, a majority of the
Court.

 I do not take "narrowest ground" to mean the legal ruling that is most restrictive. My interpretation of
"narrowest ground" is that ground on which at least five judges agree, regardless of rationale for the agreement. 
Therefore, while the most restrictive ground-the lesser-included instruction was not given, not requested, or
requested but denied-was supported by four judges, the narrowest ruling in Collier v. State, 999 S.W.2d 779 (Tex.
Crim. App. 1999), is the judgment supported by five judges-a judgment may not be reformed unless the lesser-included offense that will be substituted was submitted to the jury. 

 While the rationale of the lead opinion was based on persuasive authority from a sister court, and Judge
Keasler based his rationale on a plain-language reading of Texas Rule of Crim. Proc. 43.2(c), it can be argued that
the rationales expressed in the lead opinion and Judge Keasler's concurrence are, in their essence, the same. The
lead opinion expressed the holding in the positive ("court of appeals may reform a judgment of conviction to reflect
conviction of a lesser included offense only if . . . the jury was instructed on the lesser included offense . . .." ), while
Judge Keasler's concurring opinion expressed the concept in the negative ("court of appeals cannot reform a
judgment to reflect a conviction for a lesser-included offense unless that lesser-included offense was submitted in the
jury charge."). Collier, 999 S.W.2d at 782, 784. As Judge Keasler wrote, the "'judgment that the trial court should
have rendered' can only be a judgment that the trial court was capable of rendering, given the instructions to the jury. 
If a jury is only instructed on one offense, then the trial court can only render judgment on that offense or a judgment
of acquittal." Id. at 784. In the end, it matters not whether the instruction was not requested, or was requested but
denied, the result is the same; the instruction was not given.