ACCEPTED
13-15-00085-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
9/3/2015 2:39:40 PM
Dorian E. Ramirez
CLERK

**CAUSE NO. 13-15-00085-CR**

**IN THE COURT OF APPEALS**
**FOR THE THIRTEENTH JUDICIAL DISTRICT OF TEXAS**
**CORPUS CHRISTI, TEXAS**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
9/3/2015 2:39:40 PM
DORIAN E. RAMIREZ
Clerk

**JAMARKAS HOLLAND**
**Appellant**

**V.**

**THE STATE OF TEXAS**
**Appellee**

**APPEAL FROM THE 117th JUDICIAL DISTRICT OF NUECES COUNTY, TEXAS, IN TRIAL CAUSE NO. 14-CR-2827-B**

**APPELLANT'S BRIEF**

**TRAVIS BERRY**

**State Bar No. 24059194**
**P.O. Box 6333**
**Corpus Christi, Texas 78466**
**Telephone: (361) 673-5611**
**Facsimile:   (361) 442-2562**
**travisberrylaw@gmail.com**

**ATTORNEY FOR APPELLANT**

**ORAL ARGUMENT IS REQUESTED**

# IDENTITY OF INTERESTED PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.1(a), Appellant lists the following persons who have an interest in the appeal:

**JUDGE:**    Hon. Sandra Watts
117th District Court
901 Leopard
Corpus Christi, Texas 78401

| **PARTIES:** | **COUNSEL FOR APPELLANT:** |
|---|---|
| **Jamarkas Holland - Appellant**<br>TDC: 01982855<br>Garza East Unit<br>4304 HWY. 202<br>Beeville, Texas 78102 | Nicholas Milam (Trial)<br>Texas Bar No. 14033700<br>P.O. Box 18485<br>Corpus Christi, Texas 78480 |
| | Travis Berry (Appeal)<br>Texas Bar No. 24059194<br>P.O. Box 6333<br>Corpus Christi, TX 78466-6333<br>Telephone: (361) 673-5611 |
| **The State of Texas - Appellee** | **COUNSEL FOR THE STATE:** |
| Mark Skurka<br>Nueces County District Attorney<br>Texas Bar No. 18475570<br>901 Leopard - Rm. 206<br>Corpus Christi, Texas 78401<br>Telephone: (361) 888-0410 | Elizabeth Schmidt (Trial)<br>Assistant District Attorney<br>Texas Bar No. 24079284<br><br>Emiliano Fragosa<br>Assistant District Attorney<br>Texas Bar No. 24081622 |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii.

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii.

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv.

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v.

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi.

> Whether the evidence was sufficient to prove Appellant used
> a knife in the commission of an assault?

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    State's Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    B.    Defense Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    C.    Closing Arguments . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    D.    *Allen* charge by trial court and verdict . . . . . . . . . . . . . . . . . . . . . 8
    E.    Sentence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

STANDARD OF REVIEW AND APPLICABLE LAW . . . . . . . . . . . . . . . . . . 11

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# INDEX OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896) . 8, 16, 17

*Arrevalo v. State*, 489 S.W.2d 569 (Tex. Crim. App. 1973) . . . . . . . . . . . . . . . . . 8

*Brooks v. State*, 323 S.W.3d 893 (Tex.Crim.App.2010) . . . . . . . . . . . . . . . . . 11, 12

*Clayton v. State*, 235 S.W.3d 772 (Tex. Crim. App.2007) . . . . . . . . . . . . . . . . . 12

*Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999) . . . . . . . . . . . . . . 13, 17

*Jackson v. Virginia,* 443 U.S. 307 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*Lockett v. State*, 874 S.W.2d 810 (Tex.App.-Dallas 1994, pet. ref'd) . . . . . . . . . 14

*McCain v. State*, 22 S.W.3d 497 (Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . 14

*Moff v State* (April 7, 2004, CCA No. 1343-03) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Morales v. State*, 633 S.W.2d 866 (Tex. Crim. App. 1982) . . . . . . . . . . . . . . . . . 14

*Tucker v. State*, 274 S.W.3d 688 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Williams v. State*, 235 S.W.3d 742 (Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . 12

**STATUTES AND RULES**                                                       **PAGE**

Texas Family Code § 71.0021(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Texas Family Code §71.003 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Texas Family Code § 71.005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Texas Penal Code §22.01 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Texas Penal Code §22.02 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v., 1, 11, 14

**TO THIS HONORABLE COURT OF APPEALS:**

**STATEMENT OF THE CASE**

Appellant, Jamarkas Holland, was accused by indictment on December 4, 2014, of Aggravated Assault under Texas Penal Code §22.02. This charge was enhanced from a second degree felony to a first degree felony based upon Appellant's previous felony conviction to which Appellant pled true. (CR 11, RR7 - 6)

Appellant's case was tried to a jury and on January 28, 2015, he was found guilty. Appellant was sentenced by the trial court to seven (7) years in the Institutional Division of the Texas Department of Criminal Justice. (CR 308, RR7 - 59)

**ISSUE PRESENTED**

Whether the evidence was sufficient to prove Appellant used a knife in the commission of an assault?

## STATEMENT OF FACTS

Appellant, Jamarkas Holland, was charged by indictment of second degree aggravated assault, in violation of Penal Code §22.02, alleged to have occurred on August 11, 2014. (CR 11) Punishment on this charge was enhanced to a first degree felony based on Appellant's criminal history which carried a range of punishment of five (5) to ninety-nine (99) years. Appellant had a trial by jury and elected to be punished by the Court if found guilty.

### A.     State's case

#### 1.     State's opening statement

The State believed the evidence would show that Appellant was being driven from Portland, Texas, to Corpus Christi, Texas, by his girlfriend to be dropped off at a homeless shelter to end their relationship. (RR4 - 18) That during this trip, Appellant physically assaulted victim Caitlyn Dewbre during the drive and Appellant "took out her fishing knife, stabbed it into the dashboard, and threatened to kill her." (RR4 - 18)

Once they reached Corpus Christi, Texas, Appellant refused to exit the vehicle at the homeless shelter. Ms. Dewbre then drove to the nearest convenience store where Appellant assaulted her again, exited the vehicle, and disappeared. (RR4 - 19) The defense reserved its opening statement.

1

## 2. Victim Testimony

The victim in this case, Kaitlyn Dewbre, testified that she and Appellant were romantically involved and were having to live out of her vehicle in Portland, Texas.[1] She said that on August 10, 2015, Appellant had been drinking beer and they just "slept ....and wasted the day away." On the way to a convenience store in Portland, Texas, they went to get more beer and when their quarrelling escalated, Appellant punched her in the face. (RR4 - 30-31) This incident led to Ms. Dewbre wanting to drive Appellant into Corpus Christi, Texas[2], to drop him off at the Good Samaritan shelter. (RR4 - 32)

On the way to the Harbor Bridge, Appellant hit Ms. Dewbre again with his fist so she stopped the vehicle hoping to see a police car. After not seeing one drive by, and Appellant refusing to exit her vehicle, she continued on to the shelter. (RR4 - 35) As they were reaching the Harbor Bridge, Ms. Dewbre stated that Appellant pulled out her fishing knife, accused her of cheating, and threatened to kill her, her entire family and their pets. (RR4 - 37)

After Appellant refused to exit her vehicle at the Good Samaritan shelter, Ms. Dewbre drove to the nearest convenience store. She stated that Appellant

---

[1] Portland, Texas, is located within San Patricio County, Texas.

[2] Corpus Christi, Texas is located within Nueces County, Texas.

again assaulted her with a roll of duct tape which caused her great pain. (RR4 - 38, 42) After they both entered and exited the convenience store, Ms. Dewbre was able to get her cellular telephone back from Appellant and call 911. (RR4 - 40)

The State introduced Ms. Dewbre's 911 call into evidence and played it back for the jury wherein Appellant is also heard telling the 911 dispatcher that he was the victim of an assault by Ms. Dewbre. Ms. Dewbre admitted to assaulting Appellant, but that it was done in self defense after Appellant struck her first. (RR4 - 47) Ms. Dewbre took photos of the alleged injuries on her own cellular telephone. These photos were introduced as evidence and published to the jury. (RR4  48-51; RR8  5-18)

Ms. Dewbre then testified about the pictures taken by the police the night of the incident which included shots of inside her vehicle showing a puncture to the dash board. (RR4 - 53-55; RR8 21-25, 31) At some time after the incident, Ms. Dewbre found a knife cover in the trunk of her vehicle. She said was the cover of the fishing knife Appellant grabbed and that she found it "hidden under some stuff" in the trunk. (RR5 - 74)

Ms. Dewbre stated that she never left Appellant because she was afraid of him, that he would hurt her and her family. (RR5 - 103, 104) Ms. Dewbre again recounted the trip to the Good Samaritan where she claimed Appellant hit her in

3

the face and threatened her with a knife. (RR5 - 114, 115)

### 3. Non- Victim Testimony

CCPD Officer Jason Wicks responded to the 911 call at the convenience store and took a statement from Ms. Dewbre. He later made contact with Appellant when responding to another call that police had a suspect. Officer Wicks testified that Appellant was searched and no knife was found. (RR5 - 30)

CCPD Officer Steven Brown arrived at the convenience store to assist in taking statements from Ms. Dewbre. He testified that he observed a puncture in the dash board and was told by someone that a "Jamarkas" had stabbed it. (RR5 - 48)

Detective Robin Cassel was assigned to the case and presented it to the District Attorney's office for consideration. Detective Cassel testified that on December 5, 2014, Ms. Dewbre brought her the knife cover she found in the trunk of her vehicle. Detective Cassel did not test the knife cover for fingerprints to connect anybody to it, and she never found any knife alleged to have been used by Appellant. (RR5 - 69, 70, 71)

### B. Defense Evidence

The defense called Appellant who testified that he had been drinking beer throughout the day on August 11, 2014, while Ms. Dewbre drove him around and purchased his beer. (RR5 - 130, 136, 137, 142). At times, they would panhandle

4

for money. (RR5 - 129, 195) While headed from Portland, Texas, to Corpus Christi, Texas, tensions arose between Appellant and Ms. Dewbre about dropping him at the Good Samaritan shelter. (RR5 - 138-143)

Appellant stated that he refused to be dropped at the Good Samaritan. That he grabed Ms. Dewbre's cellular telephone while Ms. Dewbre hit the beer from Appellant's other hand. (RR5 - 142, 143) A fight ensues within the vehicle wherein Appellant was struck first by Ms. Dewbre who then stopped the vehicle on the highway. (RR5 - 143, 144) After resuming driving towards the Harbor Bridge, Appellant "grabbed her by her hair, to hold her, to subdue her and I hit her three times on the side of her face, with my right hand." (RR5 - 146) He also testified that he threw a roll of duct tape at Ms. Dewbre which hit her right arm. (RR5 - 147)

Appellant then exited the vehicle, grabbed all of his belongings from Ms. Dewbre's vehicle, and left the store with a stranger who offered Appellant a ride in his vehicle. (RR5 - 148) Appellant exited the stranger's vehicle a few miles away where he was arrested soon thereafter. (RR5 - 148, 149) After calling police, Appellant sees police and believed they were coming to aid him in response to his 911 call rather than arrest him. (RR5 - 149) Appellant testified that on August 11, 2014, Ms. Dewbre hit him "eight or nine times." (RR5 - 150, 191)

5

During their altercation, Appellant testified that he did not threaten Ms. Dewbre with a knife. (RR5 - 182) When shown the knife cover, Appellant confirmed that it he recognized it and that "it goes to a knife that was in the tackle box.....that was in the trunk of the car." (RR5 183)  Shortly after exiting Ms. Dewbre's vehicle, Appellant called 911 to report the incident. (RR5 - 184)  The 911 call was admitted into evidence as defense exhibit #6 (RR5 - 185)

On cross-examination, Appellant admitted that he was a foot taller than Ms. Dewbre, that he had been to prison as a co-defendant to a aggravated assault with a deadly weapon, that he had taken boxing training but lied upon his arrest about his prowess and that he was under the influence of alcohol upon arrest. (RR5 -188-190) Appellant again testified that he never pulled a knife out on Ms. Dewbre and he never stabbed the dashboard (RR5 - 199)

## C.    Closing Arguments

The defense started by instructing the jury that the State must prove this alleged assault, which includes a threat with a knife, occurred in Nueces County, Texas. (RR6 - 7) The defense argued that Ms. Dewbre's testimony never established the State's jurisdictional requirement to show that this crime occurred in Nueces County, Texas. (RR6 - 8, 9) The defense then questioned the State's deadly weapon allegation as no knife was ever produced nor was Appellant ever

6

connected to the knife cover (RR6 - 9, 10) thus the State failed to meet its burden. (RR6 - 14)

The defense characterizing this event as a mutual altercation by two people "abusing drugs and alcohol." (RR6 - 15) The defense closed by asking the jury consider Ms. Dewbre's testimony about her past, abuse both physical and sexual committed upon her by men, for a motive behind making these allegations against Appellant. (RR6 - 16, 17)

The State told the jury that to have a deadly weapon finding for an aggravated assault, it would need to find that the knife was exhibited and that this act caused Ms. Dewbre to be in fear of imminent bodily injury. (RR6 - 19, 20) The State argued that the 911 call recordings played for the jury were sufficient to show Ms. Dewbre's state of fear as well as to show a lack of fear in Appellant. (RR6 - 20, 21)

The State believed that Ms. Dewbre's testimony was sufficient to show that Appellant did take out a knife and stab it into the dashboard which constitutes a threat of deadly force. (RR6 - 23, 24) The State argued that Ms. Dewbre's account of events was corroborated by the physical evidence, from Ms. Dewbre's injuries, to the dash puncture, to the duct tape in the vehicle.

After reminding the jury that Appellant had previously been to prison for

aggravated assault involving a knife, the State argued that Ms. Dewbre's recount of events was more believable than Appellant's. (RR6 - 27, 28)

### D. *Allen* **charge by trial court and verdict**

After considerable deliberation by the jury in this case, they were twice not able to reach a verdict. (RR6 - 31) The trial court decided to employ an *Allen*[3] charge to attempt to get the jury to have an agreement on the evidence. This charge informed the jury that the indictment would stay in place, the evidence would likely be the same at a retrial, and that jury would face the same issues in deliberation. (RR6 - 32)

The jury found the Appellant guilty of first degree aggravated assault with a deadly weapon. (RR 6 - 35; CR 308)

### E. **Sentencing**

The State did not recall Ms. Dewbre to testify at sentencing and asked the trial court consider her trial testimony when deciding its sentence of Appellant. The State recommended a sentence of twelve (12) years in T.D.C.J.. (RR7 - 6)

The defense called Dr. John Lusins, M.D., phychiastrist who has had Appellant as a mental patient in the past. Dr. Lusins testified that Appellant had

---

[3] *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). See also *Arrevalo v. State*, 489 S.W.2d 569, 571-572 (Tex. Crim. App. 1973)

8

multiple disorders coupled with substance abuse which inhibited his ability to function properly on a daily basis. (RR 7  13-22) Appellant testified about his history of drug use and mental problems and made a plea for help. (RR7  39-47)

After considering evidence and argument, the trial court assessed a sentence of seven (7) years in the Institutional Division of the Texas Department of Criminal Justice. (RR7 - 59, CR 308) It is from this conviction and sentence Appellant appeals. (CR 312)

## SUMMARY OF THE ARGUMENT

The evidence presented by the State to prove Appellant used or exhibited a knife during his altercation with Ms. Dewbre, is insufficient to prove that a knife was actually present in the vehicle and used by Appellant during the assault. Ms. Dewbre's testimony was that her fishing gear was in the trunk of her vehicle. The cover for a fishing knife was found months later in Ms. Dewbre's trunk "under some junk."

Ms. Dewbre never testified how Appellant came into possession of the fishing knife, presumably in the trunk of her vehicle during this altercation. The only evidence seen that could be linked to a knife was a puncture on Ms. Dewbre's dashboard which could have come at any time before her altercation with Appellant and could have been made by many different types of instruments. This lack of evidence to prove that Appellant used or exhibited a knife during this assault has led to a conviction that is factually and legally insufficient.

**APPLICABLE LAW & STANDARD OF REVIEW**

TEXAS PENAL CODE § 22.02. AGGRAVATED ASSAULT - (a) A person commits an offense if the person commits assault as defined in § 22.01 and the person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault.

TEXAS PENAL CODE § 22.01. ASSAULT. (a) A person commits an offense if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. (b) The offense is a felony of the third degree if the offense is committed against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code, if it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter.[4]

The *Jackson v. Virginia*[5] legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim.

---

[4] Appellant has a previous conviction under Chapter 22 for aggravated assault. (RR7 - 6)

[5] 443 U.S. 307 (1979)

11

App.2010)

When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Brooks* at 898-900 (plurality opinion). We defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. See *Jackson* at 319*, Clayton v. State*, 235 S.W.3d 772 (Tex. Crim. App.2007). Our duty as a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App.2007).

A defendant need not file a motion for directed verdict or a motion for new trial to preserve an appellate claim concerning the sufficiency of the evidence to prove his guilt. He need not object to the admission of evidence in the trial court to preserve this issue. He need not claim, in the trial court, that the method by which the State proved an element of the offense was deficient or defective. In short, a claim regarding sufficiency of the evidence need not be preserved for appellate review at the trial level, and it is not forfeited by the failure to do so. *Moff v. State* (Tex. Crim. App. No. 1343-03, April 7, 2004)

12

# ARGUMENT

ISSUE RESTATED:    Whether the evidence was sufficient to prove Appellant used a knife in the commission of an assault?

The State charged Appellant with aggravated assault due to its allegation that a knife was used in the commission of an assault upon Ms. Dewbre. (CR 11) Thus the jury can only have found the assault to have been aggravated based upon the presence and use of a knife during commission of the assault.

Appellant concedes the legal sufficiency of the evidence to support his conviction for the lesser-included offense of assault, he is asking this Court to consider reforming his conviction to the lesser-included offense of assault. See *Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999).

Appellant argues that Ms. Dewbre's testimony alone is not enough evidence upon which to support a verdict for aggravated assault. While Ms. Dewbre's testimony was that Appellant brandished a knife during their in-vehicle altercation, and that Appellant used the knife to damage her dash-board, it does not supply the necessary evidence that Appellant actually had or used a knife in the assault. This evidence would be production of the knife itself which the State failed to do.

There was no testimony about any identifying details about the knife

13

besides it being a fishing knife. The actual knife was not in evidence and no testimony was presented by the victim or police that the alleged knife had the ability to inflict death or serious injury.

When a person is charged with using a deadly weapon, the evidence must establish that the weapon was actually deadly. *Lockett v. State*, 874 S.W.2d 810, 814 (Tex.App.-Dallas 1994, pet. ref'd). Under the offense of aggravated assault with which appellant was charged, a person commits an offense if he commits a assault and "uses or exhibits a deadly weapon during the commission of the assault." Tex. Penal Code §22.02(a)(2), (CR 11). A fishing knife is for removing fish hooks and other fishing related needs, it is not a deadly weapon by design. See *McCain v. State*, 22 S.W.3d 497, 502-03 (Tex. Crim. App. 2000)[6]

Even without expert testimony or a description of the weapon, the injuries suffered by the victim can by themselves be a sufficient basis for inferring that a deadly weapon was used. *Tucker v. State*, 274 S.W.3d 688 (2008); Also See *Morales v. State*, 633 S.W.2d 866, 868-69 (Tex. Crim. App. 1982) (photograph of deep slash from just underneath the victim's earlobe across her cheek to the corner of her mouth, closed by sutures, was sufficient to show that a deadly weapon was

---

[6] "an object that has an obvious purpose apart from causing death or serious bodily injury cannot be a deadly weapon"

14

used).

Had there been an injury consistent with that which could come from a knife blade, this would go to support the State's allegation that a knife was used. Here, no injuries were consistent with that knife, only blunt trauma from Appellant's hands. The only "injury" consistent with a knife was the puncture on the dash which could have come at any time and could have been made by a myriad of other instruments.

Appellant testified that he did not have a knife during his altercation with Ms. Dewbre. No knife was found within Ms. Dewbre's vehicle, nor was one found on Appellant's person upon arrest. The only connection to a knife of any type was a knife cover found months later in Ms. Dewbre's trunk "under some junk." At no time during Ms. Dewbre's testimony did she describe how Appellant came into possession of the alleged knife. She never made any indication that Appellant went searching for this knife that was presumably in the trunk of her vehicle.

A police officer who testified believed that the puncture in Ms. Dewbre's dash could have come from a knife but the State provided no expert testimony to conclusively show what that puncture was made with or how old the puncture was. An assumption that this puncture came from a knife does not supplant the knife itself to support Ms. Dewbre's allegation that Appellant exhibited a knife during

their altercation.

What the evidence did show was that Ms. Dewbre had fishing gear in the trunk of her vehicle. It would be supposed that if Ms. Dewbre had a fishing knife, that it would have been inside or near the tackle box in the trunk. This supposition is supported by testimony about the fishing gear and the fact that Ms. Dewbre found a fishing knife cover in the trunk months after the altercation. With this evidence that a knife, if it existed, was likely in the trunk - no evidence from Ms. Dewbre was shown as to how or when Appellant went to the trunk to retrieve the knife during their altercation on the highway.

The State failed to produce a knife at trial. No evidence or explanation as to how Appellant obtained the knife while riding in the passenger compartment of Ms. Dewbre's vehicle was shown. The police officer's belief that the dash puncture could have come from a knife is an acceptable conclusion, except that it cannot supplant production of the knife itself nor does it rule out that this puncture could have come before the altercation and could have been made by a different instrument.

The trial court employed an *Allen* charge to reach a verdict from this jury as it was twice deadlocked. (RR6 - 31) This jury was not polled after the trial. (RR6 - 35) Whatever it was that twice deadlocked this jury is unknown but common sense

16

would lead one to the conclusion that the exhibition of a knife during the altercation between Appellant and Ms. Dewbre is the issue this jury was deadlocked on. We also never know weather the majority or the minority within this jury before the *Allen* charge is the side that eventually prevailed.

Appellant would argue that a rational person would not assume a knife was involved here just because a person with an interest in the outcome of the trial said there was a knife, nor would they assume that a random puncture in a dashboard was made by a knife that was not available in evidence for review.

## CONCLUSION

Lack of certain physical evidence coupled with a lack of testimony on how Appellant was able to get the knife from the trunk while in the passenger compartment, supports Appellant's testimony that he did not exhibit or use a knife in this assault. Appellant is asking this Court to reform his conviction to the lesser-included offense of assault in the third degree. *Collier v. State*, 999 S.W.2d 779 (Tex. Crim. App. 1999).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays this Honorable Court reverse Appellant's conviction for aggravated assault and reform the conviction to assault in the third degree, remand the case to the trial

17

court for re-sentencing, and to grant any other such relief to which Appellant may be entitled.

Respectfully submitted,

/s/ _Travis Berry_
Travis Berry
Texas Bar No. 24059194
P.O. Box 6333
Corpus Christi, Texas 78466
T: (361) 673-5611; F: (361) 442-2562
travisberrylaw@gmail.com
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

This is to certify that on this September 3, 2015, a true and correct copy of the Appellant's Brief has been sent via e-mail to Douglas Norman, appellate attorney for the State, at the Nueces County District Attorney's Office, 901 Leopard - Rm. 206, Corpus Christi, Texas 78401.

This is to also certify that on this September 3, 2015, a true and correct copy of this brief was sent via U.S. Mail to Jamarkas Holland, Appellant, TDC: 01982855, Garza East Unit, 4304 HWY. 202, Beeville, Texas 78102.

/s/ *Travis Berry*
Travis Berry

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, the undersigned certifies this brief complies with the type-volume limitations announced in Rule 9.4(i)(2)(B) of the Texas Rules of Appellate Procedure.

1. The undersigned certifies that the Initial Brief contains no more than **3,653** words in proportionately spaced typeface, an amount of words within the limits set forth in Rule 9.4(i)(2)(B)

2. The brief has been prepared in proportionately spaced typeface using WordPerfect 12 in 14 pt. Times New Roman. Footnotes have been used and are all accounted for in the above word count.

3. The undersigned acknowledges a material misrepresentation in completing this certificate, or circumvention of the type-volume limits states in Rule 9.4(i)(2)(B) of the Texas Rules of Appellate Procedure, may result in the Court striking the brief.

/s/ *Travis Berry*
Travis Berry